## B. Bacas *v.* Peter Klein.

As attorneys-at-law are sworn officers of court, and as their services, though essential to the safe pro-
secution of a suit, cannot be obtained without compensation, there is no valid reason why the debtor
and creditor may not make a law for themselves, by which the debtor shall charge himself with the
costs of attorney's fees, as he is by law charged with the taxed costs of the suit to recover the debt.

APPEAL from the Second District Court of New Orleans, *Morgan*, J.
*G. Legardeur*, for plaintiff. *F. Haynes*, for defendant and appellant.

Merrick, C. J. This suit is brought to collect a note for $1,500, with eight
per cent. interest, secured by mortgage. The mortgage contains a stipulation
that in the event it shall be necessary to institute a suit to recover the amount of
the note, the defendant will pay an additional sum, not to exceed five per cent.
attorney's fees. The defendant appeals.

He contends that the judgment is erroneous in condemning him to pay seventy-
five dollars attorney's fees, as that is equivalent to giving usurious interest.

He relies upon Article 1929 of the Civil Code, and 6 Rob. 216 and 3 An.
618, as grounds for the reversal of the judgment. The Article reads as follows :

Art. 1929. " The damages due for delay in the performance of an obligation
to pay money, are called interest. The creditor is entitled to these damages with-
out proving any loss, *and whatever loss he may have suffered, he can recover no
more.*"

The Article cited, fixes the basis of indemnity for the *delay* in the payment of
the creditor, and however detrimental the want of the use of the money may be
to the creditor or his business, he can recover no more than eight per cent. in-
terest. He is not to be permitted to prove that such *delay* has occasioned him
special damage. But the Article in question does not pretend to regulate any-
thing more than the rate of damages for the delay in paying money. It leaves
the question of costs for *the recovery* of it, untouched. Hence, in an ordinary
case, the courts, notwithstanding Article 1929, condemn the debtor to pay not
only the interest, but the costs, including costs of copies.

Now, as attorneys-at-law are sworn officers of court, and as their services,
though essential to the safe prosecution of a suit, cannot be obtained without
compensation, we cannot see any valid reason why the debtor and creditor may
not make a law for themselves, by which the debtor shall charge himself with
the costs of the attorney's fees, as he is by law charged with the taxed costs.

The creditor then does not receive any compensation beyond the interest for
the *delay*, but is reimbursed for the costs occasioned by the suit, whether the
same be speedily determined, or be disposed of after much litigation. The cove-
nant to pay the attorney's fees is then only an indemnity for the costs expended in
*recovering and securing the capital itself.*

The cases contained in 6 Rob. and 5 An. add nothing to the force of the Ar-
ticle cited. We, therefore, see no reason to overrule the cases of *Race & Foster*
v. *Bruen*, 11 An. 34 ; and we announce this as the settled doctrine of the court.

The plaintiff recovers seventy-five dollars attorney's fees, and we do not feel
disposed to award damages as in case of a frivolous appeal, particularly as the
defendant presents new authorities which he may have supposed would occasion a
modification of the rule we have heretofore adopted.

Judgment affirmed.