## FOUNDATION FINANCE CO., Inc., v. ROBBINS et al.*

### No. 14598.

Court of Appeal of Louisiana. Orleans.

June 12, 1933.

See, also (La. App.) 144 So. 293.

Guy J. D'Antonio, of New Orleans, for appellant.

B. Y. Wolf, of New Orleans, for appellee.

JANVIER, Judge.

Plaintiff, alleging itself to be a licensee authorized to engage in the so-called small loan business in accordance with Act No. 7 of the Extra Session of 1928 of the General Assembly of Louisiana, seeks judgment against four defendants, averring that one of them, Sam Robbins, is the maker of the note sued on and that the other defendants are indorsers thereof.

Only one of the defendants, Harry Rosenberg, was cited, and he filed exceptions of vagueness and of no cause of action.

In the district court both exceptions were sustained and judgment was rendered dismissing the suit as to Rosenberg. Plaintiff has appealed.

■ If the exception of vagueness is well founded, the affirmance of the judgment on that ground will require that the matter be remanded in order that amendments may be made if they can be made, and since the exception of no cause of action, if well founded, will have the effect of entirely dismissing the suit, we conclude to give our first consideration to the latter exception, but, before doing so, find it necessary to make reference to the question which has been raised by counsel for appellee who has filed written objection to an order granted by us placing this case on our preference docket. We find nothing in our rules or in the law, of this state which prohibits us from placing a case on our preference docket if we believe that the ends of justice will be best served by such action, and we believe that no objection can be had thereto, unless there can be made a showing of prejudice to the rights of the party making the objection.

When the motion to strike out the order for preference was orally argued, before the matter was heard on the principal issue, counsel for the objector was advised that if he felt that the interests of his client would be prejudiced or that if he had any personal or other reason for desiring a continuance, we would respect his wishes and postpone the hearing. We were told that no prejudice was claimed, but only that we were without legal right to place the case on our preference docket.

Believing that the main issue involved is of considerable public interest and because we feel that in any event we have discretion in the control of our docket, we overruled the motion to rescind the docketing of the case.

■ On the exception of no cause of action the sole question involved is whether or not the stipulation for attorneys' fees in the event of nonpayment of a note bearing interest at the rate of 3½ per cent. per month is violative of the small loan law. Exceptor asserts that the stipulation for attorneys' fees in a note which also bears interest at the maximum rate constitutes a charge in excess of that permitted by the act and that, consequently, the entire note is void, and that in such case under section 13 of the statute "the licensee shall have no right to collect or receive any principal, interest or charges whatsoever." In a case which we are unable to

---

*Rehearing denied October 16, 1933. Writ of certiorari granted November 27, 1933.

distinguish from this (Automobile Security Corporation v. Randazza, 17 La. App. 489, 135 So. 45, 674), in a majority opinion, Judge Westerfield dissenting, we held that a stipulation for attorneys' fees in a note such as is involved here did not violate the statute and, since the Supreme Court, in refusing to grant a writ of certiorari, tacitly approved of the views therein expressed and of the conclusions reached, we hesitate to again consider the question, particularly since in Heymann v. Mathes, 18 La. App. 403, 137 So. 871, we refused to reconsider the identical question stating that "any modification or qualification of the doctrine of the Randazza Case must be obtained from the Supreme Court if at all."

However, we have given much thought to an argument which was not made when either of the two cases mentioned was heard, and have found ourselves unable to resist the logic of this argument and prefer to follow the course which we believe is now pointed out by intellectual integrity, rather than to take the easier course and simply announce a conclusion based on those earlier decisions.

When we considered the matter in the Randazza Case and in the Mathes Case, it was in no way suggested that one who lends money on such a note is interested in the attorneys' fees stipulated for in the note. We considered that stipulation as one in which only the attorney is interested and we felt that:

"The language of the act seems to limit the prohibition to the collection of charges or costs required to bring the loan into existence, but we see nothing therein either specifically or impliedly prohibiting the stipulation for a necessary charge for collecting the loan."

It was not pointed out to us—though, of course, we ourselves should have realized it—that where attorneys' fees are stipulated for in a note those fees belong to the owner of the note and not to the attorney who may make collection, and that the contract between the owner of the note and his attorney need not be in any way based on the stipulation in the note. Therefore, when a note, which already bears the maximum interest rate permissible under the law, also contains a stipulation for attorneys' fees, it cannot be said that that stipulation is solely for the necessary expense to which the owner of the note may be put in collecting it. It is in truth a stipulation for an additional charge to which he, the owner of the note, is entitled under the contract and which he may or may not, as he sees fit, pay over to the attorney.

As we have already said, when the question was before us heretofore we did not consider the legal effect of the stipulation as between the holder of the note and the attorney, but merely expressed the view that section 13 of the act did not prohibit an agreement for the payment by the borrower of such legitimate costs as might be incurred by the lender in collecting the loan.

We confess that even in the last referred to view we have become somewhat shaken by the most able argument presented, but we find it unnecessary to say more than that the stipulation for attorneys' fees in a note in which the maximum interest rate is agreed to is a charge in excess of that permitted by the act and that, therefore, the entire loan is void.

 That attorneys' fees stipulated for in a note form a part of the claim of the owner of the note and do not in any way belong directly to or concern the attorney has been many times held, but we shall refrain from reciting the authorities here because we fully considered that matter and discussed it at length when an earlier suit based on this same note was before us on exception to the jurisdiction of the First city court. The contention was that since the principal and interest due amounted to $300 and since the attorneys' fees claimed belonged to the owner of the note and formed a part of the amount demanded, the jurisdictional limit of the First city court was exceeded by the claim. We adopted this view and dismissed that suit (Foundation Finance Co. v. Robbins et als. [La. App.] 144 So. 293), and in that opinion set forth the authorities upon which we base our view that the stipulation for attorneys' fees is a stipulation in favor of the owner of the note.

The judgment appealed from is affirmed.

Affirmed.