## UNITY PLAN FINANCE CO., Inc., v. GREEN et al.[*]

### No. 14530.

Court of Appeal of Louisiana. Orleans.

Nov. 27, 1933.

Friedrichs, Connolly & Simoneaux, of New Orleans, for appellant.

John T. Charbonnet, of New Orleans, for appellees.

Sanders, Baldwin, Viosca & Haspel, Lawrence A. Molony, Robert Weinstein, Prowell, McBride & Ray, Frymire & Ramos, and Frank B. Twomey, all of New Orleans, amici curiæ.

JANVIER, Judge.

This is a suit on three promissory notes. The defense is that certain provisions contained in the notes are violative of the so-called Small Loan Law (Act No. 7 of the Extra Session of 1928 of the General Assembly of Louisiana).

When the matter was first before us, we were told by counsel for defendants that there had not been included among the defenses the contention that the stipulation for attorney's fees, in the event of nonpayment, is in itself violative of the Small Loan Law, and counsel stated that the failure to present the said defense had resulted from the fact that in Automobile Security Corp. v. Randazza, 17 La. App. 489, 135 So. 45, 674, and in Heymann v. Mathes et ux., 18 La. App. 403, 137 So. 871, we had held that a stipulation for attorney's fees in a note, although the said note already bears the maximum interest rate permitted by law, does not render the note violative of the Small Loan Law.

Therefore, when, in Foundation Finance Co. v. Robbins et al., 149 So. 166, 167, we reached the conclusion that we were in error in the decision rendered in the Randazza Case and in the Mathes Case, and held that such a stipulation renders such a note usurious, we felt that justice would best be served by the granting of a rehearing in this matter, to the end that the defendants might show what effect, if any, our views as expressed in the Foundation Finance Company Case should be given in this case.

In granting the rehearing, however, we did not limit the scope of our reinvestigation to the question of the effect of the stipulation for attorney's fees, and we have given much thought to all of the defenses formerly presented and reargued on rehearing.

On reconsideration, and after a further study of the many authorities discussed by the various counsel, we are "of the same opinion still," and adhere to our previously set forth views.

We shall therefore limit our additional expressions to the effect to be given in this case to the conclusion which we reached in the Foundation Finance Company Case, supra, that: "* * * The stipulation for attorneys' fees in a note in which the maximum interest rate is agreed to is a charge in excess of that permitted by the act and that, therefore, the entire loan is void."

It is conceded that to discount at 10 per cent. and to stipulate for repayment in twelve monthly installments results in an interest charge of 22⅔ per cent., and counsel for the makers of the notes assert that, since the attorney's fee stipulated for on each note is 20 per cent., and since we have said in the Foundation Finance Company Case that this charge, if and when collected, actually belongs to the owner of the note, the charge made on each of these notes is

42⅔ per cent., which is more than the rate permitted by the statute.

Counsel for the holder of the notes counter with the contention that the attorney's fee is due only in the event of default, and that therefore that fee is not unconditionally contracted for, but becomes due only if the maker of the note fails to pay, and the thought presents itself that, as we said in our original opinion: "To permit the default of the borrower to have the effect of rendering an otherwise valid transaction usurious should not be countenanced." 148 So. 297, 301.

But that was said with reference to the result which might obtain from the operation of the acceleration clause which we were then considering.

We said in our original opinion that to make loans repayable in installments is not prohibited by the statute. If this be so, then an acceleration clause is a reasonable stipulation. A lender of money who makes loans repayable in installments should be permitted to stipulate that, if any installment is not paid, he shall at once have the right to declare all installments due and to take such action as may seem necessary. He should not be required, where his debtor has already given proof of inability to pay, if not of actual insolvency, to sit idly by and allow that debtor to continue in the use of the money and be himself impotent to take such steps as may seem proper to protect his rights.

Furthermore, if the acceleration clause be not permitted, the probable result will be that a separate suit will be filed when each installment becomes due; an abhorrent multiplicity of suits would ensue.

If it is reasonable for the lender to insist on that right of acceleration, it would be most unreasonable to permit the debtor to take advantage of the fact that that right has been insisted upon and to turn it against the holder of the note by defaulting and by then charging that the acceleration clause effects usury.

Such is not the case with reference to the stipulation for an attorney's fee where the rate fixed at inception, when added to the actual interest rate, exceeds the maximum permitted by law.

The statute gives the lender the right to demand a rate as high as 42 per cent. per year. He may charge it as interest, or he may contingently stipulate for a portion of it as attorney's fees, but, in whatever guise it is charged, he knows just what rate he is charging, and no act of the debtor may increase that charge and make usurious a transaction that originally was entirely legal. For this reason we think that the principle announced in Heirs of Williams v. Sheriff, 47 La. Ann. 1277, 17 So. 805–808, has no application to a contingent stipulation for attorney's fees where that stipulation fixes the fee at a rate which, when added to the interest rate, exceeds the maximum which is legally allowed. That case was based on the view that an acceleration clause could not make usurious what was originally legal.

We would apply that principle to an attorney's fee charge in the following manner: If a charge of 22⅔ per cent. is made as a result of the discount method and the installment method and an attorney's fee of, say, 10 per cent. on the total unpaid amount is also stipulated for, we would say that the total charge is 32⅔ per cent., which is below the maximum. Now if, as the result of an acceleration clause, payment should be demanded prior to the stipulated maturity of the later installments, then it is evident that the actual rate would greatly exceed the 42 per cent. permitted, and the principle announced in the Williams Case would then apply. But, if to the rate of 22⅔ per cent., which is the interest charge, there should be added an attorney's fee of 20 per cent. or more, then the total rate at the time of the making of the loan would seem to exceed 42 per cent., regardless of the acceleration clause.

Therefore, if the discount method and the installment method are used and the attorney's fee is stipulated for, and the actual rate which would result from the enforcement of the attorney's fee exceeds the rate permitted by law, then the loan is not permitted under the Small Loan Act.

In the case of each of the notes sued on, this calculation will show that more than 42 per cent. was stipulated for, and it necessarily follows that in each case no collection can be made on the note.

It is therefore ordered, adjudged, and decreed that our original decree be, and it is, recalled and annulled, and it is now further ordered that the judgment appealed from be, and it is, affirmed at the cost of appellant.

Original decree recalled, annulled; judgment of trial court affirmed.

WESTERFIELD, Judge (concurring).

I believe that the acceleration clause, when it results in a charge against the borrower in excess of 42 per cent., cannot be distinguished from a provision for attorney's fees. In my opinion, the utmost limit that can be charged a borrower under the Small Loan Act is 42 per cent. per year, regardless of what form the exaction may take, or what name may be given it.

I therefore concur in the decree.