## INDUSTRIAL LOAN & INVESTMENT CO.
### v. SENSENEY et al.
### No. 4747.

Court of Appeal of Louisiana.
Second Circuit.
March 29, 1934.

T. A. Carter, of Alexandria, for appellants.

Morris Shapiro, of Alexandria, for appellee.

DREW, Judge.

Plaintiff, who was operating a business under Act No. 7 of the Extra Session of 1928, commonly known as the "Small Loan Act," instituted this suit against the defendants on a promissory note for $300, bearing interest at the rate of 3½ per cent. per month, and providing for 20 per cent. attorney's fees if placed in the hands of an attorney for collection.

Defendants filed an exception of no cause of action based on the contention that the note was null and void and uncollectable, for the reason that it provided for attorney's fees in addition to the 3½ per cent. interest per month, which was the maximum interest allowed under said act, especially section 13 thereof. The exception was overruled, and defendants answered, urging as a defense the same grounds urged in the exception.

The lower court rendered judgment, as prayed for, and defendants have appealed. Plaintiff has filed a motion to dismiss the appeal, alleging acquiescence in the judgment by defendants.

It is clear from the record before us that defendant Senseney did not acquiesce in the judgment, and what he has paid on the judgment was collected under a fi. fa. and garnishment process. To determine whether the other defendant has acquiesced, it would require that the case be remanded to the lower court for the taking of testimony. We think this unnecessary and would cause unnecessary delay in a final determination of the case, which is clearly with plaintiff and appellee.

The contention of appellant is based upon the case of Foundation Finance Company, Inc., v. Robbins et al., 149 So. 166, decided by the Orleans Court of Appeal. In this case a writ of review was granted by the Supreme Court (153 So. 833), and the decision of the lower court reversed, in which decision the cases of Automobile Security Corporation v. Randazza, 17 La. App. 489, 135 So. 45, 674, and Heymann v. Mathes, 18 La. App. 403, 137 So. 871, were affirmed. The Robbins Case above referred to forever puts at rest the question raised by appellant, and holds adverse to his contention. See case of General American Finance System, Inc., v. Senseney et al., 154 So. 56, No. 4748, decided this day by this court, in which the identical question was decided. The defendants in that case are the same as in the case at bar.

Therefore, for the reasons given in suit No. 4748, decided by us to-day, the judgment of the lower court is affirmed, with costs.