**GENERAL AMERICAN FINANCE SYSTEM, Inc., v. SENSENEY et al.**

**No. 4748.**

Court of Appeal of Louisiana.
Second Circuit.
March 29, 1934.

T. A. Carter, of Alexandria, for appellants.

B. F. Thompson, Jr., of Alexandria, for appellee.

DREW, Judge.

Plaintiff, operating a loan agency under Act No. 7 of the Extra Session of the Legislature of 1928, known as the "Small Loan Law," sued the defendant on a note which bore interest at the rate of 3½ per cent. per month and 10 per cent. as attorney's fee if necessary to employ counsel to collect the note; 3½ per cent. per month interest is the maximum amount of interest allowed under said act.

Before the case was called for trial in the lower court, the plaintiff filed a remittitur of the attorney's fees. There was no answer filed by defendants, and judgment was secured by default. From this judgment defendants appealed to this court, and in this court filed an exception of no cause of action.

The question presented is whether or not the stipulation for attorney's fees in the note, which bears the maximum rate of interest allowed under Act No. 7 of the Extra Session of 1928, known as the "Small Loan Law" voids the entire note as constituting usury or a charge in excess of that permitted by the act, and particularly section 13 of said act, which reads as follows: "Every person, co-partnership and corporation licensed hereunder may loan any sum of money not exceeding in amount the sum of Three Hundred Dollars ($300.00), and may charge, contract for and receive thereon interest at a rate not to exceed three and one-half (3½) per centum per month. Interest shall not be payable in advance or compounded and shall be computed on unpaid balances. In addition to the interest herein provided for, no further charge or amount whatsoever for any discount, examination, service, brokerage, commission or other thing or otherwise shall be directly or indirectly charged, contracted for or received, except the lawful fees, if any, actually and necessarily paid out by the licensee to any public officer for the filing or recording or releasing in any public office any instrument securing the loan, which fees may be collected when the loan is made or at any time thereafter. Interest, discount or charges in excess of those permitted by this Act shall not be charged, contracted for or received, and if any such shall be charged, contracted for or received, the contract of loan shall be void and the licensee shall have no right to collect or receive any principal, interest, or charges whatsoever."

The Supreme Court of this state, in case entitled Foundation Finance Company v. Robbins, et al., 153 So. 833, recently decided, has forever put at rest this question. That case involved the identical question we have here, and the court overruled an exception of no cause of action which had been sustained by the district court and Court of Appeal for Orleans, 149 So. 166, and held it was not illegal and did not render the note void or voidable to include attorney's fees in the face of the note, although the maximum interest was charged, and that the attorney's fees could be collected. In this decision the court cites with approval the case of Automobile Security Co. v. Randazza, 17 La. App. 489, 135 So. 45, 674, and Heymann v. Mathes, 18 La. App. 403, 137 So. 871. In the case of Foundation Finance Co. v. Robbins et al., the court said: "The Court of Appeal, in the Randazza Case, analyzed the statute accurately and thoroughly, and rendered a very logical and convincing opinion that a stipulation, in a promissory note bearing the maximum rate of interest, for the payment of an attorney's fee if an attorney should have to be employed to collect the note after maturity, was not a charge for the use of the money. In so deciding, the Court of Appeal cited several cases decided by this court,—particularly Race & Foster v. Bruen, 11 La. Ann. 34, in 1856, and Bacas v. Klein, 14 La. Ann. 407, in 1859,—maintaining that a stipulation for the payment of an attorney's fee, in a promissory note, was not to be considered as a disguised form or method of charging usurious interest. That rule is now almost universally recognized. See note to Ann. Cas. 1917D, 366. * * *"

The exception of no cause of action filed in this court is without merit, and it is overruled.

Appellant has not pointed out any error nor has he urged any error in the judgment on the merits in the lower court. He relied solely upon his exception of no cause of action. It therefore follows that the judgment of the lower court is affirmed, with costs.