## GENERAL AMERICAN FINANCE SYSTEM, Inc., v. BRODNAX et ux.
### No. 4868.

Court of Appeal of Louisiana.
Second Circuit.
Dec. 5, 1934.

Hawthorne & Files, of Bastrop, and W. Potts Clark, of Monroe, for appellant.

Madison, Madison & Fuller, of Bastrop, for appellees.

TALIAFERRO, Judge.

On June 30, 1930, defendant and his wife negotiated a loan of $300 with the Guaranty Finance Company, of Bastrop, La., and executed their note therefor, payable in monthly installments of $15 and stipulating interest at the rate of 3½ per cent. monthly. The note was secured by mortgage of the makers on some household furniture. It contains a stipulation that in event counsel is employed to enforce its payment, the makers will pay the fee of such counsel, which is fixed therein at 10 per cent. of the amount sued for, if such amount exceeds $100.

In due course said note was acquired by plaintiff, General American Finance System, Incorporated, of the City of Shreveport, La. Payments thereon of interest and principal were made until the note was reduced to $165.69. Defendants having defaulted on this balance in November, 1931, this suit was instituted to collect the note, with interest and attorney's fees, and to enforce the mortgage.

In May, 1930, plaintiff made a loan to defendants of $300, and took from them their note for such amount, which also stipulated interest at the rate of 3½ per cent. per month. This note was held by plaintiff when the note sued on was acquired by it and when this suit was filed.

Defendants contend that they are no longer bound for the payment of the note sued on for two reasons:

1. That it is a violation of Act No. 7 of the Extra Session of the Legislature of 1928 for plaintiff to loan defendants an amount in excess of $300; that such loan became null and void because of this prohibitory law.

2. That the inclusion in the note of contingent liability for counsel fees violated the

latter part of section 13 of said act, which is as follows:

" * * * In addition to the interest herein provided for, no further charge or amount whatsoever for any discount, examination, service, brokerage, commission or other thing or otherwise shall be directly or indirectly charged, contracted for or received, except the lawful fees, if any, actually and necessarily paid out by the licensee to any public officer for the filing or recording or releasing in any public office any instrument securing the loan, which fees may be collected when the loan is made or at any time thereafter. Interest, discount or charges in excess of those permitted by this Act shall not be charged, contracted for or received, and if any such shall be charged, contracted for or received, the contract of loan shall be void and the licensee shall have no right to collect or receive any principal, interest or charges whatsoever."

The case was tried on an agreed statement of facts. Defendants filed exception of no cause and no right of action, when the case was submitted on its merits. This exception was sustained and the suit dismissed. Plaintiff has appealed.

In sustaining the exception filed by defendants, the trial judge was guided by the decision of the Court of Appeal (Orleans Circuit) in Unity Plan Finance Company v. Green et al., 151 So. 85. That case holds that the inclusion of counsel fees in the note, even contingently, which, with the interest rate, exceeds 42 per cent. of the note, worked the nullity of the note in toto. However, the Supreme Court in Foundation Finance Co. v. Robbins, 179 La. 259, 153 So. 833, specifically held that the inclusion of stipulation for contingent counsel fees in a note, such as is sued on, does not violate the above-quoted portion of section 13 of Act No. 7 of the Extra Session of 1928, and therefore does not strike with nullity the note itself. We have followed this Supreme Court decision in General American Finance System v. Senseney (La. App.) 154 So. 56, and in Industrial Loan & Inv. Co. v. Senseney (La. App.) 154 So. 58. Therefore, we may now accept as settled, adversely to their contention, the second defense advanced by defendants.

We do not think the first defense urged tenable. Plaintiff made only one loan to defendants. It was for an amount not in excess of that authorized by the statute. Plaintiff, subsequently, purchased all the assets, notes, bills receivable, etc., of the Guaranty Finance Company, Incorporated, among which was included the note sued on. The act does not prohibit a person or corporation operating under its provisions from acquiring notes of other persons or corporations that are borrowers from a person or corporation engaged in business authorized by said act. The language of the act is not susceptible of any such interpretation. If the Legislature had intended to handicap those operating under said act with the restrictions mentioned, it would have said so in unmistakable terms. Not having so spoken, it follows that that which is not prohibited in the act is permitted to be done.

For the reasons herein given, the judgment appealed from is annulled, avoided, and set aside; and this case is now remanded to the lower court for such proceedings and actions as are warranted in law. The costs of appeal are assessed against defendants; other costs to await final decree in the case.