**ORME et al. v. LENDAHAND CO., Inc.**

No. 7891.

United States Court of Appeals for the
District of Columbia.

Decided June 8, 1942.

Mr. Solomon Liss, of Baltimore, Md., pro hac vice, by special leave of court, with whom Mr. Albert Brick, of Washington, D.C., was on the brief, for appellee.

Mr. John L. Hamilton, with whom Messrs. George E. Hamilton and John J. Hamilton, all of Washington, D. C., were on the brief, for appellants.

Before GRONER, Chief Justice, and STEPHENS and RUTLEDGE, Associate Justices.

RUTLEDGE, Associate Justice.

The Lendahand Company conducts a loan business at Baltimore, operating under the Maryland Small Loan Act. In 1936 defendants obtained a loan of $100 from it. In arranging the loan, plaintiff's vice president, also a notary, deducted 70 cents from the proceeds on account of notarial fees. These included 10 cents for each signature on the note and 25 cents for separate wage assignments executed as security. The fees did not reach the company's till, but were divided between the vice president and the secretary, who witnessed the signatures.

Defendants defaulted after reducing the principal to $83. This suit is to recover that balance. Judgment was for the plaintiff and the case is here on writ of error. The only defense was that the deduction made the note and defendants' obligation to repay the debt void under the Small Loan Act. That presents the principal issue here. We think the judgment should be affirmed.

Defendants rely upon the terms of the statute and on judicial decisions by other courts than those of Maryland, holding that such a deduction avoids the note and the obligation to pay.

Plaintiff rests on the settled administrative practice, first, of the Maryland Bank Commissioner and later of the Administrator of Loan Laws. The practice has been followed since 1918, when the Small Loan Act was enacted. It was instituted pursuant to an opinion rendered by Attorney General, later Governor, Ritchie at the time the law was being put into effect. Under the practice small loan brokers have been allowed to charge borrowers for notary fees for documents "which, under the law, are required to be acknowledged."[1]

Defendants answered plaintiff in two ways: (1) The administrative practice violates the terms of the statute; (2) the documents in this case were not required by law to be acknowledged, consequently the deduction was not within the approved practice. Except for the latter issue, therefore, the decision requires choice between judicial construction of similar statutes in jurisdictions other than the locus contractus and the settled administrative practice of Maryland.

The pertinent statute is Md.Laws, 1918, c. 88, § 14 (a), (b), Md.Ann.Code (Flack, 1939) art. 58A, § 15:

---

[1] 3 Md. Att'y Gen. Rep. 288 (1918). The pertinent part of the Attorney General's opinion is as follows:

"1. Small loan brokers may charge borrowers the Notary's fee allowed by law for the acknowledgment by borrowers of chattel mortgages, bills of sale or other papers which, under the law, are required to be acknowledged. This fee, of course, can only be charged in cases where the acknowledgment is actually made.

"2. The brokers may also charge borrowers the amount lawfully charged and actually paid for filing and recording the instruments securing loans. This

"(a) Interest shall not be payable in advance or compounded and shall be computed on unpaid balances. In addition to the interest herein provided for, no further or other charge, or amount whatsoever for any examination, service, brokerage, commission or other thing, or otherwise, shall be directly or indirectly charged, contracted for or received, except the lawful fees, if any, actually and necessarily paid out by the licensee to any public officer, for filing, or recording in any public office, any instrument securing the loan, which fees may be collected when the loan is made, or at any time thereafter.

"(b) If interest, or charges in excess of those permitted by this Article shall · be charged, contracted for, or received, the contract of loan shall be void and the licensee shall have no right to collect, or receive any principal, interest or charges whatsoever."

Interpreted literally and originally, the section appears to permit charges, outside legal interest, only for necessary filing or recording fees actually paid out. This is the view taken in Davis Loan Co. v. Blanchard, 1930, 14 La.App. 671, 129 So. 413, 130 So. 472, which related specifically to notary's fees and attorney's commissions at 20 per cent. Support is derived also from other decisions involving other charges, such as attorney's fees, costs for appraisal of collateral, "commission" for making the loan, etc.[2] The language of the prohibition is general, with the single stated exception. This would be highly persuasive in defendants' favor, if we were now called upon to construe a similar statute of the District of Columbia in the absence of a settled conflicting administrative practice.

■ But that is not the present situation. As nearly as it can be ascertained, the law of Maryland must be applied. It is not to be found in our original views of the

meaning of the statute's language or in the judicial decisions of jurisdictions other than Maryland. These factors are not irrelevant, but they are not controlling. The matter has not been determined by the Maryland courts. In view of that fact, the best evidence of the Maryland law is found in the long-settled and unvaried policy which has been followed by her officials charged with administration of the statute. It would be a delicate thing for a foreign court to disregard or attempt to overturn such a practice, when the courts of the state have not done so and have declared expressly that settled administrative practice requires them to follow it "except for the most potent and urgent reasons." Arnreich v. State, 1926, 150 Md. 91, 101, 132 A. 430, 434; see also City of Baltimore v. Johnson, 1903, 96 Md. 737, 54 A. 646, 648, 61 L.R.A. 568; City of Baltimore v. Pattison, 1920, 136 Md. 64, 110 A. 106; Hess v. Westminster Savings Bank, 1919, 134 Md. 125, 106 A. 263, 265; American-Stewart Distillery v. Stewart Distilling Co., 1935, 168 Md. 212, 177 A. 473, 475; Finan v. Mayor and City Council of Cumberland, 1928, 154 Md. 563, 567, 141 A. 269, 271; Hays v. Richardson, 1829, 1 Gill & J., Md., 366, 385.

■ Not only would the practice be highly persuasive, therefore, with the Maryland courts, but its uninterrupted execution for so long a time is indicative that it has approval of the Maryland legislature. Arnreich v. State, supra, 132 A. at page 435; City of Baltimore v. Johnson, supra, 54 A. at page 647. Twenty-three years without legislative or judicial effort toward change clearly indicates acquiescence and, we think, approval of the practice.

Furthermore, placing ourselves in the position the Maryland courts have indicated they would take, we are unable to find "the most potent and urgent reasons" they would require for refusing to follow the

---

charge, of course, cannot be made unless the instrument is actually filed or recorded."

The record contains, as plaintiff's Exhibit 5, a photostatic copy of a letter dated June 12, 1918, from the Maryland Bank Commissioner to the plaintiff enclosing a copy of the Attorney General's opinion and interpreting Section 1 as permitting a maximum charge of 30 cents "for each acknowledgment," and 10 cents "for each affidavit," to be allowed only "when papers requiring the

certificate of a Notary Public are actually executed."

[2] Commonwealth v. Pennsylvania Loan Corp., 1937, 127 Pa.Super. 253, 193 A. 141; London Realty Co. v. Riordan, 1913, 207 N.Y. 264, 100 N.E. 800, Ann. Cas.1914C, 408; Fishburne v. Hartsfield Loan & Savings Co., 1928, 38 Ga. App. 784, 145 S.E. 495; Dickey v. Phoenix Finance Co., 1937, 193 Ark. 1145, 104 S.W.2d 806.

practice. It was instituted under an opinion rendered before the Act took effect by the state's chief nonjudicial law officer. The administrative officials acted, therefore, not on their own initiative, but on the most authoritative legal opinion at their disposal when the policy was adopted. The legislature has not intervened to stop it. It has not been challenged in or by the Maryland courts. Contrary to the facts in Davis Loan Co. v. Blanchard, supra, the charge is not one which presents serious danger of abuse by use as a cover or screen for usurious interest or other unfair charges. The company does not profit by the charge. The burden to the borrower is minute. The purpose is, under the practice as defined and followed, as necessary as filing or recording, for which the statute expressly permits charge to be made. In some instances acknowledgment is necessary to admit a document to the public records. If that is true here (the record is silent on the matter), the charge for notarizing well may be considered an incident of filing or recording, and therefore in substance a part of the authorized filing fee. The statutory penalty is harsh. Though apparently valid as a preventive against usurious interest,[3] it approaches

confiscatory character in relation to a matter not amounting to that, by depriving the company of the principal of the loan and giving the money to the borrower outright. The borrowers here offer no semblance of defense on the merits. They hide behind the letter, and the strictest view of the letter, of the Act.

In view of all these facts, we think the law of Maryland, existing when the loan was made, must be held to have been in accordance with the settled administrative practice rather than reflected by the judicial decisions of Louisiana and other states, most of which involved facts differing in some material respects from the facts of this case. We may add that the effect of the decision in Davis Loan Co. v. Blanchard, supra, has been somewhat weakened by the subsequent history of the case and of the doctrine it applies.[4]

Defendants say the practice does not apply to the present facts, first, because acknowledgment generally is not required by law for promissory notes; second, because Orme's wage assignment was void, since it was not signed by his wife in accordance with Section 11, Art. 8, Annotated Code of Maryland (1939).[5]

---

[3] Cf. Scudder v. Hoyt, 1926, 218 App. Div. 11, 216 N.Y.S. 305, 309, affirmed 1927, 245 N.Y. 522, 157 N.E. 842.

[4] The Louisiana court seems to have vacillated concerning the decision and the policy, notwithstanding the facts in the Davis Loan Co. case, which involved a $3.50 notary fee and attorney's fees of 20% deducted from a loan of $20, with no showing of necessity for notarization, were much stronger than the present facts for finding the charge was a cover for usury and evasion of the statute. In Automobile Security Corp. v. Randazza, 1931, 17 La.App. 489, 135 So. 45, 46, 674, the court stated that the majority opinion in the Davis case "did not become final. The decree was finally concurred in by all of the members of the court for the reasons that the facts of that case showed that the chattel mortgage had been executed * * * solely for the purpose of furnishing a subterfuge under which an additional fee for passing the mortgage might be exacted, so that, under the facts of that case, there can be no doubt that the decree was correct." The Randazza case allowed the company to charge attorney's fees for collection of defaulted payments. However, this was overruled in Foundation Finance Co. v. Robbins, La.App.1933, 149 So. 166, reversed 1934, 179 La. 259, 153 So. 833, where the Supreme Court reinstated the rule of the Randazza case. The last ruling was confirmed in Unity Finance Co. v. Green, 1934, 179 La. 1070, 155 So. 900.

[5] The section is as follows: "No assignment of wages or salary shall be valid so as to vest in the assignee any beneficial interest, either at law or in equity, unless such assignment be in writing, signed by the assignor and acknowledged in person by him or her before a justice of the peace in and for the city or county, as the case may be, in which the assignor resides, and entered on the same day by said justice of the peace upon his docket; and unless further, within three days from the execution and acknowledgment of said assignment a true and complete copy thereof, together with the certificates of its acknowledgment, be served upon the person, firm or corporation by whom said wages or salary are due or to become due, in the same manner that the summons in chancery is now required by law to be served; provided, however, that no assignment of wages or salary by a married person shall be valid unless the same is also executed and acknowledged as above by the assignor's wife or husband, as the case may be."

■ In the state of the record before us these objections should not be sustained. The record contains printed forms for both small loan notes and wage assignments. The evidence shows without contradiction that these have been approved by the Maryland small loan administrator and have been used under the Maryland practice. Each printed form discloses on its face the usual form of jurat for acknowledgment. Defendants have produced no evidence to show that acknowledgments are not required under the practice or by law, whether for recording or other proper legal purposes.

In this condition of the record it is undisputed that acknowledgment has become part of the settled practice. The burden therefore was defendants' to show unequivocally that the practice is contrary to law. It cannot be presumed to be illegal. The strong presumption is the other way. The clear inference is that the acknowledgments are required by law in accordance with the practice which has required them and approved the forms providing for them. We do not feel at liberty to disregard this or to declare the practice illegal in the absence of clearer showing than has been made. We need hardly add that the practice as proven includes not only the Attorney General's opinion but the applications of it which the state's banking and small loan officials have made in the intervening years.

■ The Maryland statute expressly requires acknowledgment of wage assignments. It also specifies this shall be made before a justice of the peace "in and for the city or county, as the case may be, *in which the assignor resides*" and that the justice shall record the assignment in his docket. Defendants have raised no objection that the acknowledgments were not made before a proper officer. Nor in these circumstances would such an objection be valid. Obviously the statutory conditions concerning the justice of the peace cannot be applied to nonresidents, as were the defendants. We do not think, however, that this dispenses altogether with acknowledgment in such cases, and in our opinion it is a substantial compliance with the law for nonresidents to make it before a notary.

Defendants' only challenge is that Orme's assignment was not signed by his wife. From this they conclude, first, that the assignment was totally void; second, that being true, the charge for acknowledging it was not required by law. We are not convinced that either conclusion is correct or that it is necessary or proper to pass upon the effect of the assignment in this collateral manner.

■ The Small Loan Act does not purport to outlaw charges generally appropriate because, for entirely collateral reasons unknown or unrecognized when the assignment is executed, peculiar facts ultimately may appear which make it inoperative in the particular case. We do not think the statute imposes a burden so onerous. In our view it is enough to justify the charge that the instrument is one of a general class for which acknowledgment is required, especially in the absence of a showing that the company has taken the instrument in bad faith or with knowledge that it is fatally defective. Any other rule would require it at peril of its loan to ascertain before making the charge that the instrument is watertight against every possible legal contingency. Such a burden would be unreasonable and, in a practical sense, would nullify the right to make proper charges in any case, since the risk would be too great to run that some unanticipated defect might arise and add loss of the loan to loss of the security.

■ Nor are we convinced the assignment was invalid. Defendants interpret the statute as nullifying it completely if the wife does not sign. The more reasonable view would be that the provision is for her benefit exclusively and therefore one she alone can assert. There is nothing in the record to show that Mrs. Orme has questioned her husband's assignment. It may be noted also that Orme must have failed to disclose his married status when he procured the loan. Hence he hardly would be in position to raise the question conscionably, even if it were clearer that he is technically entitled to do so. For these reasons we think the objection to the charge on account of the wage assignment is obviously insupportable.

This reduces the case to whether defendants' debt should be nullified because of the gross charge of 20 cents for the acknowledgments of their signatures to the note. We are tempted to dispose of this merely by citing the maxim de minima non curat lex. Even the rigid policy of the Small Loan Act against usury cannot make the defense on this score conscionable, if it can or should make it available in a strictly technically legal sense. To avoid the loan for so minute a departure from the law's strict

letter would approach confiscation of property, in practical if not legal effect, even though there were no color of legal protection in administrative practice or otherwise. There must be some limit both to legislative and to judicial power in enforcing a policy against usury or usurious charges. But we need not consider whether the legislature can go so far in enforcing the policy of the Small Loan Act.

To avoid the effect of the Maryland administrative practice, defendants have rested on the mere general assertions, first, that plaintiff had the burden to establish its legality; second, that under general law acknowledgment is not required for promissory notes. Of the latter they say we should take judicial notice, and infer further that acknowledgment is not necessary in any legal respect or function for Maryland small loan notes.

The initial burden was the other way, since impropriety of the charge was at the outset a matter of defense. But, beyond this, plaintiff by proving the administrative practice and that it includes these acknowledgments has established the validity of the charges presumptively and until defendants overcome this effect by contrary evidence or clear demonstration that the practice is illegal under Maryland law. They have not done so. We do not feel at liberty to overthrow the practice and declare that the judgment of Maryland administrative officials concerning what their law requires is wrong, merely by noticing that promissory notes in general and without regard to special statutory instruments such as small loan notes do not require acknowledgment in order to be valid. Nor, in the absence of further assistance than has been given, do we feel called upon to make extensive research into the recording and other statutes of Maryland in order to ascertain whether there is or is not some situation in which acknowledgment of the note might be of definite advantage to the lender. Presumably if the Maryland law affords clear evidence that the practice is invalid, counsel would have brought it to our attention. As they have not done so, we are content to let the record, as it has been made, stand and speak concerning the law of Maryland. A foreign court should not declare the state's settled administrative practice invalid upon a basis no more substantial than has been made; nor should it go out of its way in exercise of its power of judicial notice to discover a stronger one, even in support of a defense more substantial and conscionable. If the Maryland officials have extended the practice too far in this minute respect, her courts should make the correction. Until they do, others should give effect to the policy established by her administrative officials who supervise the operation of the statute.

The judgment is affirmed.

STEPHENS, Associate Justice (dissenting).

Assuming that the Maryland Small Loan Act has been modified by administrative construction, i. e., through the opinion of the Attorney General, it is still necessary, in order to justify the fees exacted of the appellees, that such fees be within that construction. The opinion of the Attorney General validates "Notary's fee allowed by law for the acknowledgment by borrowers of chattel mortgages, bills of sale or other paper which, under the law, *are required to be acknowledged."* (Italics supplied) It must thus be made to appear that the papers involved in the instant case were required to be acknowledged. Federal courts not only can take judicial notice of state statutes, Moore v. Pywell, 1907, 29 App.D.C. 312, 9 L.R.A.,N.S., 1078, but are bound to do so even without plea or proof, Lamar v. Micou, 1885, 114 U.S. 218, 5 S.Ct. 857, 29 L.Ed. 94.[1] The Maryland statutes contain no requirement that a promissory note shall be acknowledged. In respect of wage assignments, Section 11 of Article 8, Annotated Code of Maryland (1939), which section was in effect at the time the wage assignments involved in the instant case were executed, provides as follows:

"No assignment of wages or salary shall be valid so as to vest in the assignee any beneficial interest, either at law or in equity, unless such assignment be in writing, signed by the assignor and *acknowledged in person by him or her before a justice of the peace in and for the city or county, as the case may be, in which the assignor resides,* and entered on the same day by said justice of the peace upon his

---

[1] We relied upon Moore v. Pywell in Old Dominion Stages v. Connor, 1937, 67 App.D.C. 158, 90 F.2d 403, in taking judicial notice of the Virginia traffic laws.

docket; and unless further, within three days from the execution and acknowledgment of said assignment, a true and complete copy thereof, together with the certificate of its acknowledgment, be served upon the person, firm or corporation by whom said wages or salary are due or to become due, in the same manner that the summons in chancery is now required by law to be served; provided, however, that no assignment of wages or salary by a married person shall be valid unless the same is also executed and acknowledged as above by the assignor's wife or husband, as the case may be." [Italics supplied]

The assignments of wages were not acknowledged before a justice of the peace in and for the city or county in which the assignors resided. They resided in the District of Columbia, and the wage assignments were acknowledged in Maryland and before a notary public. The acknowledgments could have been taken in compliance with the statute because, although there are no justices of the peace so-called in the District of Columbia, the municipal court judges here have all the powers of justices of the peace. Act of February 17, 1909, 35 Stat. 623. I think it cannot be said that the construction of the statute as expressed in the Attorney General's opinion validated the charging of a fee for acknowledgments taken before the wrong officer in the wrong locality.

The reliance of the majority upon the approval of the promissory note and wage assignment acknowledgment forms by the Maryland Administrator of the Small Loan Act seems to me to be unwarranted. The Administrator is bound by the statute as construed by the opinion of the Attorney General. That opinion gives no approval to the forms in question. The reliance of the majority upon an asserted settled practice in Maryland based upon these forms is I

think also unwarranted. A settled *erroneous* practice does not make law.

Since the fees exacted for the acknowledgments of the promissory note and the wage assignments were not within either the terms of the Small Loan Act itself or of the administrative construction thereof by the Attorney General, the contract of loan was, under the terms of the Act, void.

I think the disposition of this case by the majority permits a hard case—invalidation of the loan—to make bad law. The majority decide that the United States courts in the District of Columbia are not obliged to take notice of state statutes unless the same are thrust upon their attention by pleading or proof. This is contrary to the settled rule evidenced by decisions in both this and other Federal courts. Also, despite the flat mandate of the Maryland statute that "In addition to the interest herein provided for, *no further or other charge, or amount whatsoever* for any examination, service, brokerage, commission or other thing, or otherwise, shall be directly or indirectly charged, contracted for or received, except the lawful fees, if any, actually and necessarily paid out by the licensee to any public officer, for filing, or recording in any public office, any instrument securing the loan" (italics supplied), the majority decide that charges may be made in addition to interest if they are approved by the Maryland Administrator of the Small Loan Act. The Maryland legislature passed the statute in question in protection of small borrowers against undue exactions upon their loans. The sanction chosen by the legislature—invalidation of a loan because of charges not authorized by the statute—may be harsh, but if the legislature thought it necessary that should be final. It is the duty of courts to enforce clear legislative action not constitutionally objectionable.