CHARLES H. SEDBERRY, ADMINISTRATOR CTA DBN OF THE ESTATE OF WILLIAM J. JOHNSON, DECEASED, APPELLEE v. KATHLEEN MULLINS JOHNSON, APPELLANT; AMY WRENN JOHNSON, MINOR, SANDRA JOANN JOHNSON COMBS, APPELLEES; LAUREN LYNN JOHNSON, SUSAN GAIL KRIDEL, AND JANET ELAINE JOHNSON, PARTIES OF RECORD ONLY

No. 8210SC713

(Filed 7 June 1983)

**Husband and Wife § 11.1; Wills § 67— separation agreement as renunciation of right to take under will**

Where a husband executed a will devising and bequeathing all his property to his wife, the spouses thereafter entered a separation agreement in which each waived and renounced "all rights . . . under any previously executed Will of the other," and the husband subsequently died without having revoked or modified his will, the separation agreement constituted a valid renunciation which adeemed the devise and bequest to the wife. G.S. 52-10.1; G.S. 31B-5.

APPEAL by defendant from *Battle, Judge.* Judgment entered 7 June 1982 in Superior Court, WAKE County. Heard in the Court of Appeals 12 May 1983.

*Hall, Hill & O'Donnell, by Lawrence W. Hill, Jr., for defendant appellee.*

*Ragsdale, Kirschbaum & Day, P.A., by Ronald I. Kirschbaum, for defendant appellant.*

WHICHARD, Judge.

I.

The issue can be stated as follows:

Where a husband executes a will devising and bequeathing all his property to his wife, the spouses thereafter enter a separation agreement in which each "waives and renounces all rights . . . under any previously executed Will of the other," and the husband subsequently dies without having revoked or modified

his will, does the separation agreement constitute a valid renunciation which adeems the devise and bequest to the wife?

We hold that it does.

## II.

This is a declaratory judgment proceeding in which the administrator CTA DBN of the estate of William J. Johnson (hereafter decedent) seeks instructions concerning the persons entitled to share in the estate.

By will dated 23 November 1976 decedent devised and bequeathed all his property to his wife, defendant Kathleen Johnson (hereafter defendant). He further provided that if defendant predeceased him, he devised and bequeathed all his property in trust for the benefit of his children.

On 3 August 1979 decedent and defendant entered a separation agreement, the general validity and binding effect of which is not disputed. The agreement provided, *inter alia*, that each spouse "waives and renounces all rights he or she may now have under any previously executed Will of the other as well as the right which they may now have or hereafter acquire under the present or future laws of any jurisdiction to share in the property or estate of the other in any way by reason of the marital relationship . . . ."

On 12 February 1980 decedent died. He had not revoked or altered the 1976 will, nor had an absolute divorce been entered between him and defendant.

## III.

The trial court made the following pertinent findings of fact:

5. By executing said Separation Agreement dated August 3, 1979, William J. Johnson and Kathleen Mullins Johnson each intended to relinquish, waive and renounce all rights either then had or might subsequently acquire under the provisions of any previously executed Will of the other, including the right to take a bequest, legacy or devise under such previously executed Will, as well as all rights to share in the property or estate of the other in any way by reason of the marital relationship or to administer upon the estate of the other.

6. Article IV of said Last Will and Testament of William J. Johnson contains a devise and bequest of all his property to his said wife, Kathleen Mullins Johnson.

7. Article V of said Last Will and Testament of William J. Johnson contains a residuary clause which provides for the establishment of a testamentary trust for the benefit of his daughters, Amy Wrenn Johnson and Sandra Joann Johnson, and devises and [bequeaths] the residue of his estate to said testamentary trust in the event he is predeceased by Kathleen Mullins Johnson.

8. The said Last Will and Testament of William J. Johnson contains no dispositive provisions other than those contained in Article IV and Article V.

9. It was the intent of William J. Johnson, as manifested in the provisions of his said Last Will and Testament, that the residuary clause contained in Article V of said Will would be operative in the event Kathleen Mullins Johnson, for any reason, failed to take under said Last Will and Testament.

On the basis of these findings it entered the following conclusions of law:

1. The Separation Agreement dated August 3, 1979, between Kathleen M. Johnson and William J. Johnson, Deceased, was and is valid and binding.

2. William J. Johnson and Kathleen Mullins Johnson, by their [Separation] Agreement, intended to relinquish, waive and renounce all rights either of them then had or might subsequently acquire under the provisions of any previously executed Will of the other, including the right to take a bequest, legacy or devise under such previously executed Will as well as all rights to share in the property or estate of the other in any way by reason of their marital relationship or to administer upon the estate of the other.

3. Kathleen Mullins Johsnon is barred by the Separation Agreement she executed with William J. Johnson, from taking any bequest, legacy, or devise contained in the Last Will and Testament of William J. Johnson dated November 23, 1976, and is also barred from all rights to share in the prop-

erty or estate of William J. Johnson by reason of their marital relationship and is further barred from the right to administer upon the Estate of William J. Johnson, Deceased.

4. William J. Johnson intended the residuary clause contained in Article V of his Last Will and Testament to be operative in the event Kathleen Mullins Johnson, for any reason, failed to take under said Will.

5. The testamentary trust provided for in Article V of the Last Will and Testament of William J. Johnson is operative for the benefit of Amy Wrenn Johnson and Sandra Joann Johnson.

6. None of the defendants in this action, except said Amy Wrenn Johnson and Sandra Joann Johnson, have any interest in or are entitled to share in the Estate of or take under the Will of William J. Johnson, Deceased.

It thereupon adjudged that decedent's children were the persons entitled to share in his estate, to the exclusion of defendant.

Defendant appeals.

## IV.

Defendant's contentions can be summarized as follows:

Because the will speaks from the time of death rather than of execution, defendant's rights thereunder did not exist when the separation agreement was executed and thus could not be waived at that time. When the agreement was executed, then, the will "was inoperative to confer upon [defendant] any rights which were subject to waiver."

A conclusion that the agreement barred defendant's rights as beneficiary is equivalent to holding that the agreement operated to modify or revoke the will. G.S. 31-5.1 (1976) provides that a will can be revoked only by the methods provided therein, which do not include subsequent execution of a separation agreement. The statutory method of revocation is thus exclusive, and the separation agreement cannot operate as a bar to defendant's rights under the will.

## V.

We reject these contentions for the following reasons:

### A.

The statutory law of this state permits a married couple to execute a separation agreement "not inconsistent with public policy which shall be legal, valid, and binding in all respects." G.S. 52-10.1 (Cum. Supp. 1981). Thus, "[i]t is a common practice upon the break-up of a marriage for the parties to enter into an agreement which determines . . . [their] full and final rights . . . in and with respect to their joint and separate property . . . ." 2 R. Lee, *North Carolina Family Law* § 187, at 461 (4th ed. 1980).

The parties here executed such an agreement. As part of their "full and final" property rights thereunder, they bargained for and obtained a provision whereby each waived and renounced all rights under any previously executed will of the other. To restore to one party, subsequent to the death of the other, rights bargained away in the separation agreement, would deny the agreement its intended "full and final" effect, in contravention of the policy that such agreements "shall be legal, valid, and binding in all respects."

### B.

The public policy of this state permits renunciation of property interests transferred by will. G.S. 31B-1 to -7 (1976 & Cum. Supp. 1981). While a statutory method for accomplishing such renunciation is provided, G.S. 31B-1, -2 (1976 & Cum. Supp. 1981), such provision expressly "does not abridge the right . . . to waive, release, disclaim or renounce property or an interest therein under any other statute or as otherwise provided by law." G.S. 31B-5 (1976).

It clearly would have been the better practice for defendant to have modified his will to accord with the change therein effected by the separation agreement. We perceive no valid or compelling reason, however, to deny effect to the clearly expressed intent to renounce rights under a will by means "otherwise provided by law," *viz.*, a separation agreement which, not being contrary to public policy, has, by virtue of G.S. 52-10.1, "legal, valid, and binding" effect.

We thus hold that defendant's renunciation, in the separation agreement, of her interests under the will, was valid and binding. This holding renders immaterial defendant's contention that dece-

dent did not modify or revoke the will by the exclusive statutory method.

## C.

The indisputable intent of each party to the agreement here was to waive and renounce "all rights . . . under any previously executed Will of the other." The agreement is clear, concise, and unambiguous. The record is devoid of any suggestion that it was entered as a result of fraud, duress or undue influence, or was otherwise volitionless. That defendant knew and understood its meaning and effect, and intended that it operate as a renunciation of her rights under the will, is, on this record, beyond question.

"[W]here it has been found that a postnuptial agreement or settlement was intended to adeem a devise or legacy to one spouse in the will of the other, . . . the surviving spouse has been denied the right to such devise or legacy." Annot., 53 A.L.R. 2d 475, 486-87 (1957). That the intent of the parties here was that the separation agreement operate to adeem any devise or bequest from one spouse to the other seems incontrovertible.

In 1 N. Wiggins, *Wills and Administration of Estates in North Carolina* § 102, at 302 (1964), we find:

> It has been held that a property settlement unaccompanied by a divorce does not revoke the provisions of the will in favor of the divorced spouse. In such instances, it would seem appropriate to contend that the settlement constituted ademption by satisfaction of the benefits bestowed upon the divorced spouse by the will of the deceased.

Because the agreement here clearly indicates an intent that it constitute an ademption by satisfaction of the benefits bestowed on defendant by decedent's will, we find the above contention not only appropriate, but decisive.

## VI.

We hold that the separation agreement constituted a valid and enforceable renunciation of defendant's rights under decedent's will; that as a result of the renunciation the interest renounced devolved upon decedent's children in accordance with his intent readily discernible from the will (see G.S. 31B-3(b) (Cum. Supp. 1981) and G.S. 31-42(a) (1976) ); and that the court thus cor-

rectly adjudged that the children are the persons entitled to take under the will to the exclusion of defendant.

Accordingly, the judgment is in all respects

Affirmed.

Judges WEBB and BRASWELL concur.