**ESTATE OF Josephine O'Meara DAN-CY, Deceased, John J. Peck, Executor, Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 88–1122.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 12, 1989.

Decided April 10, 1989.

Maria McAfee Lynch (Hunter, Wharton & Lynch, Timothy L. McMahon, Poyner & Spruill, Raleigh, N.C., on brief), for petitioner-appellant.

Kimberly Sue Stanley (William S. Rose, Jr., Asst. Atty. Gen., Gary R. Allen, Ann Belanger Durney, Tax Div., U.S. Dept. of Justice, Washington, D.C., on brief), for respondent-appellee.

Before WILKINS, Circuit Judge, BUTZNER, Senior Circuit Judge, and MOTZ, United States District Judge for the District of Maryland, sitting by designation.

BUTZNER, Senior Circuit Judge:

John J. Peck, executor of the estate of Josephine Dancy, appeals a tax court decision assessing an estate tax deficiency of $46,240.42. The tax court upheld the Commissioner's determination that a disclaimer of the survivorship interest in jointly held personal property was invalid for federal estate tax purposes. Because we conclude that the disclaimer was valid under North Carolina law and timely under federal law, we reverse.

I

John Dancy died testate on August 14, 1982. John's will left his entire estate to his wife if she survived him. If she predeceased him, all of his estate except $20,000 passed to his nephew, John J. Peck. Josephine Dancy, his widow, died testate eight days later. Josephine's will provided that her entire estate except $10,000 would pass to John Peck if her husband predeceased her. At the time of John's death, he and Josephine held a money market account, stocks, bonds, and certificates of deposit as joint tenants with rights of survivorship.

On February 1, 1983, John Peck as Josephine's executor, filed a written statement of renunciation disclaiming, among

other things, Josephine's survivorship interests in the jointly held property. Peck filed estate tax returns with the North Carolina Department of Revenue and with the IRS, relying on the validity of the disclaimer. On this basis, one-half of the property held by John and Josephine as joint tenants with right of survivorship was included in John's state and federal estate tax returns and the other half was included in Josephine's returns.

The North Carolina Department of Revenue accepted the validity of the disclaimer of the survivorship interests for the personal property but the Commissioner did not. With the exception of some assets not in dispute, he claimed that all of the personal property held by John and Josephine as joint tenants with right of survivorship should be included in Josephine's estate. The tax court sustained the Commissioner's position. *Estate of Dancy*, 89 T.C. 550 (1987).

## II

In order to be valid for federal estate tax purposes, disclaimers of joint tenancy interests must comply with § 2518 of the Internal Revenue Code, 26 U.S.C. § 2518. Disclaimers are valid if they comply with state law, are in writing, and are made within nine months of the transfer creating the interest disclaimed. *See* I.R.C. § 2518(b); Treas.Reg. § 25.2518–1(c)(1). If the interests were created after 1981, however, § 2518(c)(3) provides that the disclaimers need not be valid under state law if they comply with the requirements of § 2518(c)(3). *See* 89 T.C. at 555.

The tax court found that the joint tenancies in the stocks and bonds were created before 1982 and that since in its opinion disclaimer of those interests was not valid under state law, it was not valid under § 2518. 89 T.C. at 560. The tax court also held that the interests in the two certificates of deposit and the money market account were created after 1982 and that

even though the disclaimer of those interests did not need to be valid under state law, it did not comply with § 2518(c)(3) and was therefore invalid. 89 T.C. at 560–62.[1] The Tax Court recognized that the result was harsh but ruled that the law required it. 89 T.C. at 562.

The tax court began its analysis properly by surveying applicable North Carolina law to determine the validity of the disclaimer of Josephine's survivorship interests. *See Commissioner v. Estate of Bosch*, 387 U.S. 456, 465, 87 S.Ct. 1776, 1782–83, 18 L.Ed.2d 886 (1967). The tax court, as have we, found no judicial decisions addressing the question. A North Carolina statute provides for the disclaimer of certain designated property interests, but does not specifically include survivorship interests in jointly held property. N.C.Gen.Stat. § 31B–1 (1987). The tax court noted that North Carolina had not adopted the uniform law drafted by the National Conference of Commissioners on Uniform State Laws which expressly provided for disclaimer of survivorship interests in jointly held property. The court concluded that North Carolina did not allow disclaimer of survivorship interests in jointly held personal property. 89 T.C. at 558.

It is our duty in determining state law to attempt diligently to ascertain it from "all available data." *West v. American Telephone and Telegraph Co.*, 311 U.S. 223, 237, 61 S.Ct. 179, 183–84, 85 L.Ed. 139 (1940). Federal courts must employ "the materials for decision at hand." *See Meredith v. City of Winter Haven*, 320 U.S. 228, 237–38, 64 S.Ct. 7, 12, 88 L.Ed. 9 (1943); *New England Mutual Life Insurance Co. v. Mitchell*, 118 F.2d 414, 420 (4th Cir.1941). In the absence of judicial and legislative guidance, diligent inquiry should include a review of applicable administrative determinations. *See Orme v. Lendahand*, 128 F.2d 756 (D.C.Cir.1942); *see also Commissioner v. Estate of Bosch*, 387 U.S. at 466, 87 S.Ct. at 1783 (dictum;

---

**1.** Because we hold that the disclaimer of the interests in the stocks and bonds, as well as the CDs and money market account was valid under state law, we do not reach the issue of whether the disclaimer of the interests in the CDs and money market account was valid under § 2518(c)(3).

Douglas, J., dissenting); Rosenfield, *Administrative Determinations as State Law under Erie v. Tompkins*, 24 N.Y.U.L. Rev.Q. 319 (1949).

In *Orme*, the court gave due regard to a Maryland administrative agency's interpretation of a Maryland statute even though the agency's interpretation was at odds with the language of the statute. With regard to the conflict, the court stated that it "did not feel at liberty to overthrow" the agency's interpretation and that it was the role of the Maryland courts to say whether the agency's interpretation was wrong. The court said until that time, federal courts should respect the agency's determination. 128 F.2d at 761.

■ Although the record does not reflect the precise reason the Department of Revenue accepted Josephine's disclaimer of the survivorship interest in the personal property held by joint tenancy, it is apparent that the ruling was not the result of oversight or inadvertence. On both the state and federal estate tax returns, Josephine's executor treated the disclaimer as applying to both the survivorship interest in the personal property held by joint tenancy and real property held by the entirety. Upon audit of the state return, the Department of Revenue accepted the disclaimer of the survivorship interest in the joint property but rejected it with respect to the survivorship interest in the real property held by the entirety. The executor agreed that the return was in error regarding the real property. He then amended the federal return, because he was convinced that under state law the disclaimer was ineffective with respect to the real property held by the entirety.

It is appropriate to accept the Department of Revenue's determination that the disclaimer of the survivorship interest in personal property held by joint tenants is permitted by North Carolina law, unless we conclude that the Supreme Court of North Carolina would reject the Department's ruling. *See West v. American Telephone & Telegraph Co.*, 311 U.S. at 237, 61 S.Ct. at 183–84. Our task, therefore, is to determine whether the Supreme Court would uphold the Department.

North Carolina law imposes on the Department the duty to collect state taxes and to insure uniformity in the administration of the tax laws and regulations. N.C.Gen. Stat. § 143B–218 (1987). Special canons of statutory construction of tax laws are recognized in North Carolina. First, when a provision imposing taxes is ambiguous, "[i]t is construed against the state and in favor of the taxpayer unless a contrary legislative intent appears." *Matter of North Carolina Inheritance Taxes*, 303 N.C. 102, 106, 277 S.E.2d 403, 407 (1981). Second, while the primary task of a reviewing court is to ascertain and adhere to the intent of the legislature, "the construction placed upon the statute by the [Department] of Revenue, although not binding, will be given due consideration by a reviewing court." 303 N.C. at 106, 277 S.E.2d at 407. Application of these canons to the statutes pertaining to this case persuades us that the Supreme Court would uphold the Department's recognition of the disclaimer's validity.

North Carolina's inheritance tax statute provides that an inheritance tax shall be imposed upon the transfer of any interest in tangible or intangible personal property when the transfer is by will from any person dying possessed of the property while a resident of the state. N.C.Gen.Stat. § 105–2 (1985). Implicit in this provision is the Department of Revenue's authority to determine what property was possessed by the decedent and subject to taxation. In North Carolina joint tenancies with right of survivorship in intangible personal property are permitted by statute. They are not common law joint tenancies. The statute relating to bank accounts permits a single joint tenant to unilaterally sever the tenancy and defeat the right of survivorship, and the interest of each joint tenant is subject to his or her debts even after the death of the debtor. N.C.Gen.Stat. § 41–2.1. The statute relating to corporate stock and other investment securities subjects the interest of each joint tenant to his or her debts, including the interest that passes by right of survivorship after the death of the in-

debted joint tenant. N.C.Gen.Stat. § 41–2.2. Moreover, N.C.Gen.Stat. § 46–42 (1988), authorizes a joint tenant to partition personal property. Partition, of course, eliminates the survivorship interest in the property. The statute is applicable to shares of stock issued to a husband and wife as joint tenants with right of survivorship. *See Buffaloe v. Barnes,* 226 N.C. 313, 319–20, 38 S.E.2d 222, 224–26 (1946). Since the survivorship interest of a joint tenancy can be terminated by partition or by subjecting it to a deceased joint tenant's debts, we believe the North Carolina Supreme Court would hold that it was reasonable for the Department of Revenue to rule that a surviving joint tenant may terminate the survivorship interest by renunciation or disclaimer.

The Department's action is consistent with legislative intent as manifested by N.C.Gen.Stat. § 31B–5, which enlarges the power to disclaim over that expressed in specific statutes.[2] The Department's determination is also consonant with the expansive treatment accorded § 31B–5 in *Sedberry v. Johnson,* 62 N.C.App. 425, 302 S.E.2d 924 (1983). The disclaimer in that case did not meet the procedural requirements of the statute because it was made in a separation agreement rather than in a document filed with the clerk of the court in the county in which the decedent's estate was being administered as required by § 31B–2, and because the renunciation was made before the transferor's death. The court nevertheless held the disclaimer was valid, stating:

> We perceive no valid or compelling reason, however, to deny effect to the clearly expressed intent to renounce rights under a will by means "otherwise provided by law," *viz,* a separation agreement which, not being contrary to public poli-

cy, has, by virtue of [law], "legal, valid, and binding" effect.

62 N.C.App. at 429, 302 S.E.2d at 927.

The Department of Revenue is the agency most suited to determine whether a disclaimer of a survivorship interest in jointly held personal property is valid under North Carolina law for tax purposes. Its ruling is not arbitrary or capricious, and we believe that it would not be disturbed by the Supreme Court of North Carolina. In the absence of contrary authority, we conclude that Josephine's disclaimer is valid under North Carolina law.[3]

### III

The only issue remaining is whether the disclaimer was timely made in accordance with § 2518(b)(2), which requires that disclaimers of property interests be made within nine months of the transfer creating the interest. It bears repeating that Josephine's executor did not disclaim her one-half interest in the jointly held property. He disclaimed only Josephine's survivorship interest in John's one-half interest. Therefore, whether the disclaimer was timely depends on when the survivorship interest was created. The Commissioner contends that it was created when John and Josephine acquired the jointly held property prior to 1977 and that since the disclaimer was not made within nine months of the date of acquisition, the disclaimer is ineffective. Josephine's executor contends that Josephine's survivorship interest in the property was created at John's death, and since the interest was disclaimed within nine months of the date of death, the disclaimer was timely. The executor's position is premised on provisions of North Carolina law that contemplate unilateral elimination or impairment of a survivorship interest by partition or

---

**2.** "This chapter does not abridge the right of a person to waive, release, disclaim or renounce property or an interest therein under any other statute or as otherwise provided by law." N.C. Gen.Stat. § 31B–5 (1987).

**3.** Our conclusion about the validity of the disclaimer is not contrary to North Carolina public policy. N.C.Gen.Stat. § 105–2(b)(2) (1985) provides that one-half the value of bank accounts

and securities held by joint tenants with right of survivorship shall nonetheless be included in the deceased joint tenant's estate for tax purposes. The statute achieves the same result as the disclaimer in this case. The statute, however, does not govern this case because it did not become effective until three years after John and Josephine died.

**88**

attachment for debts. *See* N.C.Gen.Stat. §§ 46–42, 41–2.1, and 41–2.2.

The Commissioner relies on 26 C.F.R. § 25.2518–2(c)(4)(i), which provides that for tax purposes a surviving joint tenant cannot make a qualified disclaimer of a survivorship interest if more than nine months has passed since the creation of the joint tenancy. The regulation recognizes, however, that the survivorship interest in a joint bank account is created on the death of the cotenant. *See* 26 C.F.R. § 25.2518–2(c)(5) example 9. There is no principled distinction between a joint tenancy with right of survivorship that is subject to partition by either cotenant and a joint bank account with right of survivorship that can be depleted through withdrawals by either cotenant. In both instances it is impossible to ascertain whether a cotenant has any right of survivorship until the other cotenant dies. *See Kennedy v. Commissioner*, 804 F.2d 1332, 1335–36 (7th Cir. 1986).

The Commissioner also relies on *Jewett v. Commissioner*, 455 U.S. 305, 102 S.Ct. 1082, 71 L.Ed.2d 170 (1982), which held that for the purpose of determining whether a disclaimer is timely, one looks to the date a contingent interest was created and not to the date when the interest vested or became possessory. In *Kennedy*, 804 F.2d at 1332, Judge Easterbrook for the purposes of the gift tax persuasively distinguishes the disclaimer of the contingent estate in *Jewett* from a disclaimer of a survivorship interest in a joint tenancy in realty that is subject to partition by either cotenant. *Kennedy* explains that the unilateral power of partition means that only one-half of the undivided interest has been transferred to the joint tenants irrevocably at the time the tenancy is created. But since the survivorship interest may be eliminated at the will of one joint tenant, this interest is created only when a co-tenant dies without having partitioned the tenancy. 804 F.2d at 1335–36. In contrast, the contingent interest at issue in *Jewett* became irrevocable when it was created, not when the preceding life

tenant died. *See* 804 F.2d at 1333–35. The Eighth Circuit followed *Kennedy*'s reasoning in *McDonald v. Commissioner*, 853 F.2d 1494, 1499–1501 (8th Cir.1988).

In concert with the Seventh and Eighth Circuits, the only two courts of appeals that have considered the issue, we hold that the survivorship interest in a joint tenancy that is subject to partition by either cotenant is created upon the death of a cotenant. Because the disclaimer by Josephine's executor was made within nine months of John's death, the disclaimer was timely.

The executor's disclaimer of Josephine's survivorship interests in the personal property which she and John held jointly, and in the small money market account which she, John, and John Peck held jointly, was effective under North Carolina law and under federal law. The judgment of the Tax Court is reversed, and the case is remanded for determination of the extent to which Josephine contributed funds for the acquisition of the jointly held property.[4]

REVERSED AND REMANDED.

---

**4.** Under Treas.Reg. § 25.2518(2)(C)(4)(i), a joint tenant cannot make a qualified disclaimer of any portion of the joint interest attributable to consideration provided by that tenant.