### In re ESTATE OF Eugenia BERNECKER, Deceased.

### Appeal of COMMONWEALTH of Pennsylvania, Appellant.

Commonwealth Court of Pennsylvania.

Argued May 10, 1994.
Decided Jan. 31, 1995.

Nicholas J. Lamberti, for appellant.

Ronald R. Bolig, for appellee.

Before DOYLE and COLINS, JJ., and DELLA PORTA, Senior Judge.

DELLA PORTA, Senior Judge.

The Commonwealth of Pennsylvania, Department of Revenue (Department), appeals from the order of the Court of Common Pleas of Bucks County, Orphans' Court Division (orphans' court), which granted permission to Harry F. Price (respondent), executor of the Estate of Eugenia Bernecker (decedent), to disclaim the decedent's interest in assets passing to her under the will of her sister, Laura N. Bernecker, as well as the decedent's survivorship interest in various assets owned jointly by the two sisters. We affirm.

Laura N. Bernecker died testate on April 7, 1992, leaving her entire estate to her sister, decedent Eugenia Bernecker, provided that decedent survive her by thirty (30) days. Respondent was named the alternative beneficiary. On June 11, 1992, respondent was granted letters testamentary by the Bucks County Register of Wills. At the time of her death, Laura N. Bernecker owned assets totaling $2,458.37 in her own name and assets consisting of stocks, debt instruments and bank accounts totaling $321,540.88, which she held as a joint tenant with the right of survivorship with decedent.

Decedent died testate less than six months later on October 3, 1992. Decedent's will mirrored that of her sister's, in that she left her entire estate to her sister, Laura N. Bernecker, provided that Laura survive her by thirty days. Respondent was also named the alternative beneficiary and was also later granted letters testamentary by the Bucks County Register of Wills on October 13, 1992.

After paying all known debts of the Bernecker sisters, respondent commenced the current proceedings on January 7, 1993, by filing a Petition to File a Disclaimer on behalf of decedent, pursuant to Section 6202 of the Probate, Estates and Fiduciaries Code (Code), 20 Pa.C.S. § 6202, in order to avoid duplication of administration of the two estates and to escape the double imposition of Pennsylvania inheritance tax. In his petition, respondent estimated that allowing the disclaimer would mean a savings of approximately $24,115.57.[1]

After the orphans' court entered its decree allowing the disclaimer, the Department appealed. On appeal, the Department, while conceding that respondent was properly allowed a disclaimer as to the property totaling $2,458.37 held by Laura N. Bernecker alone, strenuously disagrees that respondent should be allowed a disclaimer for the bulk of the assets, totaling $321,540.88, and held jointly

1. This amount was calculated according to the statutory formula established in Section 2108(a) of the Act, 72 Pa.S. § 9108(a), by multiplying the total date of death value of the joint accounts, $321,540.88 by 50% and then multiplying this amount by the applicable inheritance tax rate of 15%.

by the Bernecker sisters. The Department argues that Section 9116(c) of the Inheritance and Estate Tax Act (Act), 72 Pa.S. § 9116(c), only allows a person entitled to a *distributive share* of an estate to renounce such an interest acquired from a decedent, and that the survivorship interest received by decedent as the surviving joint tenant of the joint accounts held with her sister, Laura, does not fall within this section because decedent received this interest by operation of law.

Respondent counters that the broad language of Section 6201 of the Code which states that "[a] person to whom an interest in property would have devolved *by whatever means* ... would disclaim it in whole or in part by a written disclaimer," would include Eugenia's right of survivorship as one of the interests contemplated by the statute which could then be disclaimed. (Emphasis added.) Respondent argues that the timely filed disclaimer of a survivorship interest converted the joint tenancy with the right of survivorship into a tenancy in common, which interest may be disclaimed for inheritance tax purposes if filed within nine months of the death of the first to die. *See* 72 Pa.S. § 9116(c). Respondent asserts that Section 6202 of the Code permits a disclaimer to be made on behalf of a decedent by his or her personal representative if the court authorizes the disclaimer after finding it advisable and that it will not materially prejudice the rights of creditors, heirs or beneficiaries of the decedent. Finally, respondent acknowledges that Section 6207 states that the disclaimer provisions under the Code do not affect any additional requirements for a disclaimer to be effective for inheritance tax purposes, but argues that he has met any additional requirement imposed under the Act. Therefore, respondent asserts that because he is the only beneficiary and it was stipulated by the parties that all known debts of the Bernecker sisters had been paid and that the disclaimer was timely, orphans' court properly allowed the disclaimer.

As the orphans' court correctly noted in its opinion, this appears to be a case of first impression in which this Court is being asked to determine whether a timely filed disclaimer of a survivorship interest in jointly held personalty is valid under Pennsylvania law for inheritance tax purposes. Our analysis must begin with Chapter 62 of the Code, governing disclaimers, and in particular with Section 6201, which provides in full:

A person to whom an interest in property would have devolved by whatever means, including a beneficiary under a will, an appointee under the exercise of a power of appointment, a person entitled to take by intestacy, a donee of an inter vivos transfer, a donee under a third-party beneficiary contract (including beneficiaries of life insurance and annuity policies and pension, profit-sharing and other employee benefit plans), and a person entitled to a disclaimed interest, may disclaim it in whole or in part by a written disclaimer which shall:

(1) describe the interest disclaimed;

(2) declare the disclaimer and extent thereof; and

(3) be signed by the disclaimant.

The right to disclaim shall exist notwithstanding any limitation on the interest in the nature of a spendthrift provision or similar restriction.

■■■ Although this section does not specifically include a survivorship interest in jointly owned property, we believe that the list is meant to be illustrative and not exclusive, of examples of different interests contemplated by the legislature as permissibly disclaimable. Moreover, we are persuaded, as was orphans' court, that our decision is supported by the well-established concept that a joint tenant with the right of survivorship in either realty or personalty has the unilateral power to alienate or otherwise sever his or her proportionate share of the joint tenancy. *See Estate of Kotz,* 486 Pa. 444, 406 A.2d 524 (1979); *In re Estate of Larendon,* 439 Pa. 535, 266 A.2d 763 (1970); *Stanger v. Epler,* 382 Pa. 411, 115 A.2d 197 (1955); *General Credit Co. v. Cleck,* 415 Pa. Superior Ct. 338, 609 A.2d 553 (1992). Accordingly, it would follow that a surviving joint tenant, or his or her personal representative, could permissibly terminate his or her survivorship interest by filing a timely disclaimer.

We are also persuaded by, while acknowledging that it is not controlling on us, the reasoning of the decisions of three Federal Court of Appeals which appear to support our conclusion. *See Estate of Dancy v. Commissioner,* 872 F.2d 84 (4th Cir.1989); *McDonald v. Commissioner,* 853 F.2d 1494 (8th Cir.1988), *cert. denied sub nom. Cornelius v. Commissioner,* 490 U.S. 1005, 109 S.Ct. 1639, 104 L.Ed.2d 155 (1989); and *Kennedy v. Commissioner,* 804 F.2d 1332 (7th Cir.1986).

In *Estate of Dancy,* John Dancy and his wife Josephine, died testate within eight days of one another. Their wills were almost identical, in that John left his entire estate to his wife if she survived him, but if she predeceased him, his entire estate minus $20,000 would go to his nephew, John J. Peck, also the executor. Josephine also left her entire estate to her husband, or if he predeceased her, her entire estate minus $10,000 would also go to John J. Peck. John and Josephine owned, as joint tenants with a right of survivorship, money market accounts, stocks, bonds and certificates of deposit. In concluding that the disclaimer filed by John J. Peck was valid for federal estate tax purposes, the Fourth Circuit first analyzed the validity of the disclaimer under North Carolina law. With respect to the law governing bank accounts, the court found that a joint tenant was permitted to unilaterally sever the tenancy and defeat the right of survivorship, or withdraw the funds of the account, and the interest of each joint tenant was subject to their debts even after their death. Similarly, with respect to personal property, the court determined that North Carolina law authorized a joint tenant to partition the property, which again, eliminates the survivorship interest. Relying on *Kennedy* and *McDonald,* the court then concluded that:

> In concert with the Seventh [*Kennedy*] and Eighth [*McDonald*] Circuits, the only two courts of appeals that have considered the issue, we hold that the survivorship interest in a joint tenancy that is subject to partition by either cotenant is created upon the death of a cotenant. Because the disclaimer by Josephine's executor was made within nine months of John's death, the disclaimer was timely. The executor's disclaimer of Josephine's survivorship in-

terests in the personal property which she and John held jointly, and in the small money market account which she, John, and John Peck held jointly, was effective under North Carolina law and under federal law.

*Estate of Dancy,* 872 F.2d at 88.

We hold that the survivorship interest of decedent was a distributive share of the estate of her sister, Laura, which may be renounced in accordance with 72 Pa.S. § 9116(c). Accordingly, we affirm the order of the Court of Common Pleas of Bucks County, Orphans' Court Division, entered in the above captioned matter on September 17, 1993.

DOYLE, J., dissents.

### ORDER

AND NOW, this 31st day of January, 1995, the order of the Court of Common Pleas of Bucks County, Orphans' Court Division in the above-captioned matter is affirmed.