FRANCES EUBANKS v. LYNWOOD EUBANKS

No. 8121DC183

(Filed 20 October 1981)

**Appeal and Error § 6.2— partial summary judgment—premature appeal**

    Defendant's appeal from partial summary judgment entered for his wife, plaintiff, on the issue of arrearages in support payments was premature as the judgment neither affected a substantial right of defendant's nor would work injury to defendant if not corrected before appeal from the final judgment.

APPEAL by defendant from *Harrill, Judge.* Judgment entered 19 December 1980 in District Court, FORSYTH County. Heard in the Court of Appeals 22 September 1981.

Plaintiff obtained a judgment in the Superior Court of California which awarded her one-half of defendant's Navy retirement pay in division of community property and $200.00 per month as "spousal support." In this action she alleged that defendant was in arrears and prayed that (1) full faith and credit be given to the California judgment, (2) judgment be entered against defendant for the arrearages, and (3) defendant be ordered to continue to pay her $200.00 per month as spousal support and one-half of his Navy retirement pay.

The trial court granted plaintiff's motion for partial summary judgment and entered judgment for plaintiff for the arrearages then due plus interest. From this judgment, defendant appeals.

    *Craige, Brawley, Lüpfert & Ross, by Terrie A. Davis, for plaintiff appellee.*

    *Green and Leonard, P.A., by Robert K. Leonard and David L. Spence, for defendant appellant.*

WHICHARD, Judge.

Because further action is required by the trial court to determine plaintiff's action in its entirety, the judgment is interlocutory in character. "Ordinarily, an appeal from an interlocutory order will be dismissed as fragmentary and premature unless the order affects some substantial right and will work injury to appellant if not corrected before appeal from final judgment." *Stanback v. Stanback,* 287 N.C. 448, 453, 215 S.E.

2d 30, 34 (1975). We perceive no substantial right to be affected and no injury to defendant to be worked by delaying appeal until final judgment. Justice Exum's statement in *Industries, Inc. v. Insurance Co.*, is equally applicable here: "If this partial summary judgment is in error defendant can preserve [his] right to complain of the error on appeal from the final judgment by a duly entered exception." 296 N.C. 486, 491, 251 S.E. 2d 443, 447 (1979). We thus dismiss the appeal.

We note that in a memorandum of additional authorities defendant has argued the applicability here of *McCarty v. McCarty*, --- U.S. --- , 69 L.Ed. 2d 589, 101 S.Ct. 2728 (1981). In *McCarty*, the United States Supreme Court held, pursuant to the supremacy clause of the United States Constitution, article VI, clause 2, that federal law precludes a state court from dividing military nondisability retirement pay pursuant to state community property laws. In view of our dismissal of this appeal, the issue of applicability to this case of *McCarty* should now be presented to the trial court prior to any appellate review.

Appeal dismissed.

Judges HEDRICK and HILL concur.