Gardner v. Gardner

LUCILLE K. GARDNER v. BUDDY J. GARDNER

No. 8221SC685

(Filed 6 September 1983)

1. **Divorce and Alimony § 17— enforcing judgment of community property state—military non-disability retired pay not subject to community property laws**

Where plaintiff and defendant were divorced in Louisiana, and where pursuant to the community property law of California where the parties had domiciled, the Louisiana court found plaintiff had a forty percent interest in defendant's non-disability military retired pay, the judgment ordering defendant to make payments in accordance with plaintiff's interest in that pay was error since military non-disability retired pay is a personal entitlement, and is

Gardner v. Gardner

not a property interest subject to state community property laws. *McCarty v. McCarty*, 453 U.S. 210 (1981).

2. **Divorce and Alimony § 19— legal basis for consent judgment no longer existing — consent judgment no longer equitable**

   Where Louisiana judgments concerning alimony were rendered, settlement terms were negotiated, and a North Carolina consent judgment was entered on the basis of an interpretation of law that has since been expressly and specifically rendered incorrect by the United States Supreme Court, the legal basis for a consent judgment no longer existed, and it was no longer equitable to require defendant's compliance with it.

   Judge PHILLIPS dissenting.

APPEAL by plaintiff from *Beaty, Judge.* Judgment entered 2 March 1982 in Superior Court, FORSYTH County. Heard in the Court of Appeals 11 May 1983.

This is a civil action wherein plaintiff seeks to enforce a Consent Judgment which provides for the payment of certain sums to plaintiff by defendant in satisfaction of plaintiff's alleged ownership interest in defendant's non-disability military retired pay.

Plaintiff wife and defendant husband were divorced in Louisiana in November of 1976. Thereafter, in 1977, plaintiff filed suit in Louisiana seeking a judicial division of "the community of acquets and gains." Among those things with respect to which plaintiff sought the division was defendant's military non-disability retired pay. This retired pay was based on defendant's 20 years service in the Navy. During most of defendant's time in the service, he was married to plaintiff and was found, for the purposes of the suit, to have been domiciled in California. Applying California community property law, the Louisiana Court found that plaintiff had a forty percent interest in defendant's retired pay and rendered a judgment dated 16 August 1978, that read, in pertinent part, as follows:

> ORDERED, ADJUDGED AND DECREED that Lucille K. Gardner be and she is hereby recognized as having a forty percent (40%) ownership interest in and to the Naval Retirement pay of Buddy J. Gardner, and it is further

> ORDERED, ADJUDGED AND DECREED that defendant, Buddy J. Gardner account and pay to the plaintiff Lucille K. Gardner, the amounts representing her forty percent (40%) ownership

interest retroactively to the date that this suit for partition was filed, February 4, 1977.

A later judgment ordering defendant to make back payments to plaintiff in accordance with the 16 August 1978 judgment, and to continue to comply with its terms, was obtained in Louisiana by plaintiff on 16 October 1979.

The present action was initiated on 2 June 1980 when plaintiff filed a Complaint in Superior Court of Surry County. The Complaint asked the court to recognize and enforce the Louisiana judgments against defendant, who had relocated to North Carolina. Defendant answered, alleging, *inter alia,* a change in circumstances as entitling him to a reduction in his obligations under the Louisiana judgments. On 10 March 1981, plaintiff and defendant entered into a Consent Judgment which provided that defendant pay plaintiff a lump sum of $1,000 and $200 per month thereafter. The Consent Judgment released defendant from any other claims by plaintiff for support and alimony as long as defendant complied with the terms of the Consent Judgment. Defendant has made one payment of $300 but has not made any other payments.

On 8 September 1981, plaintiff filed a motion and the court issued an order pursuant thereto requiring defendant to show cause why he should not be held in contempt of court for failure to comply with the Consent Judgment. The matter was continued on 5 October 1981 and transferred by consent to Forsyth County on 16 November 1981.

On 18 October 1981, defendant filed a motion, pursuant to Rule 60(b)(5) of the North Carolina Rules of Civil Procedure for relief from the operation of the Consent Judgment. As the basis for his motion, defendant cited the United States Supreme Court case of *McCarty v. McCarty,* 453 U.S. 210, 69 L.Ed. 2d 589, 101 S.Ct. 2728, decided 26 June 1981, for the proposition that military non-disability retired pay was not subject to state community property laws. Continued operation of the Consent Judgment, defendant contended, was therefore inequitable and he was entitled to relief from it.

A hearing on the motions was held on 1 March 1982. The court, on 2 March 1982, entered an order concluding: (1) that pur-

suant to the 10 March 1981 Consent Judgment, defendant was $1,900 in arrears to plaintiff, (2) that *McCarty v. McCarty* was controlling as to plaintiff's alleged ownership interest in defendant's military retired pay, and (3) that prospective operation of the Consent Judgment was no longer equitable as to defendant. Accordingly, the court granted defendant's motion for prospective relief, denied plaintiff's motion for contempt, and directed that defendant make appropriate payments to plaintiff. From this order, plaintiff appealed.

*Harper, Wood, and Brown, by Gordon H. Brown, for plaintiff appellant.*

*Badgett, Callaway, Phillips, Davis, Stephens, Peed, and Brown, by B. Ervin Brown, II, for defendant appellee.*

JOHNSON, Judge.

[1]   The first question raised by plaintiff's appeal is whether the case of *McCarty v. McCarty*, 453 U.S. 210, 69 L.Ed. 2d 589, 101 S.Ct. 2728 (1981), is controlling with respect to the case before us. We hold that it is. Without reiterating the reasoning in *McCarty*, that case held that military non-disability retired pay was a personal entitlement, not a property interest and that state courts are precluded by federal law from dividing this payment upon dissolution of a marriage. Thus, military non-disability retired pay is not subject to state community property laws.[1] *See Eubanks v. Eubanks*, 54 N.C. App. 363, 283 S.E. 2d 396 (1981).

Plaintiff argues that *McCarty* is distinguishable from the present case in that North Carolina is not a community property jurisdiction. This argument is meritless. *McCarty* involved the application of California's community property law to military non-disability retired pay. The present case involves the same law and the same alleged property interest. The only difference is that in the present case, a North Carolina court is enforcing a Louisiana judgment which applied California law. The interposition here of several judgments and two different states is of no

---

1. Although it does not affect this decision, we note that, since *McCarty*, Congress has enacted 10 U.S.C. 1408, effective 1 February 1983, which allows state courts to treat military retired pay as a property interest with regard to all final decrees of divorce dated on or after the effective date of the statute.

consequence. The law and the property interests in the cases are identical for all purposes pertinent here and we answer plaintiff's argument accordingly.

[2]    The other question raised by plaintiff's appeal is whether defendant's right to relief is affected by the fact that the judgment from which defendant seeks relief is a Consent Judgment. Plaintiff argues that the Consent Judgment is a negotiated monetary settlement between the parties, that it is not a division of property and, therefore, that it is not affected by *McCarty*. In support of her argument, plaintiff points out that the Consent Judgment does not grant the relief requested in the Complaint, to wit: that the court recognize her forty percent property interest in defendant's military retired pay. Rather, the Consent Judgment merely directs the payment of certain sums to plaintiff and releases defendant from any claims by plaintiff for support or alimony.

Plaintiff's argument asks us to ignore completely the very basis of this dispute. The Louisiana judgments that recognize and seek to enforce plaintiff's purported property interest are the grounds for her Complaint. Without these judgments, plaintiff would have no basis for the negotiations that led to the Consent Judgment. The terms of the Consent Judgment represent a negotiated settlement between the parties. The entry of judgment by the court and its order directing defendant to pay certain sums to plaintiff in satisfaction thereof lends legal sanction and judicial enforceability to the settlement. *Walters v. Walters*, 307 N.C. 381, 298 S.E. 2d 338 (1983); *Stancil v. Stancil*, 255 N.C. 507, 121 S.E. 2d 882 (1961); *see generally*, Lee, N.C. Family Law § 149 (1980).

However, the Louisiana judgments were rendered, the settlement terms negotiated, and the North Carolina Consent Judgment entered on the basis of an interpretation of the law that has since been expressly and specifically rendered incorrect by the highest court in the land. Defendant's motion under Rule 60(b)(5) asks the trial court to recognize that, insofar as the legal basis for the Consent Judgment no longer exists, it is no longer equitable to require his compliance with it. *Theriault v. Smith*, 523 F. 2d 601 (1st Cir. 1975). That the judgment that actually divided the property was rendered in a foreign jurisdiction and that there is an intervening judgment enforcing that division in this state are

of no consequence. The Consent Judgment was rendered in North Carolina and it is the operation of that judgment from which defendant seeks relief. Inasmuch as the interpretation of the law embodied in the Consent Judgment has been rendered incorrect by the United States Supreme Court, the continued operation of that judgment is inequitable with respect to defendant and he is entitled to prospective relief from it. The trial court correctly granted defendant's motion under Rule 60(b)(5).

In so holding, we note that the trial court's grant of defendant's motion and our decision here are necessarily limited in their application to the 10 March 1981 Consent Judgment entered in Surry County and have no affect on the judgments rendered by the Louisiana courts.

In light of the foregoing decision, we need not address the trial court's denial of plaintiff's motion for contempt except to say that under the circumstances of this case the motion was properly denied. The judgment appealed from is

Affirmed.

Judge HILL concurs.

Judge PHILLIPS dissents.

Judge PHILLIPS dissenting.

Though defendant had successfully avoided his legal obligations to the plaintiff for several years, the legal advantages in her continuing effort to obtain support payments from him were all in her favor in March, 1981, when the consent judgment was entered. Under valid, unappealed Louisiana judgments going back to 1977, she was a forty percent owner of his Naval Retirement Pay and he had been adjudged to be indebted to her in the sum of $6,085, together with costs and interest at seven percent. In March, 1981, after she had sued on her judgments here, defendant got the plaintiff to compromise all of her rights and claims against him, both under the judgments and otherwise, by paying her only $1,000 and promising to pay her $200 a month until his 62nd birthday, or she remarried, whichever occurred first. The settlement so made was incorporated in and solemnized by a con-

sent judgment entered by the Surry County Superior Court. In my view this was a final, binding settlement, fairly bargained for, in nowise contingent upon a future decision of the United States Supreme Court, or any other court, as to the validity of California's or any other state's community property laws as applied to Naval Retirement Pay. The essence of all settlements, as the law has always recognized, is accepting today's reality in lieu of the future's uncertainties. I see nothing in *McCarty v. McCarty* that requires the modification of this salutary principle.

My vote, therefore, is to reverse the order appealed from and to reinstate the consent judgment.