RICHARD ROBERT DEAN v. RUTH POTTS DEAN

No. 8326DC701

(Filed 1 May 1984)

Divorce and Alimony § 21.9— separation agreement bar to claim for equitable distribution

A separation agreement entered into between plaintiff and defendant was a property settlement and was an insurmountable bar to defendant's claim for equitable distribution.

APPEAL by defendant from *Todd, Judge.* Judgment entered 17 February 1983 in District Court, MECKLENBURG County. Heard in the Court of Appeals 12 April 1984.

On 11 August 1980, the parties herein executed a separation agreement. This agreement in pertinent part provides:

(1) The parties presently own a dwelling house and lot at Route 1, Box 85-C, Pineville, North Carolina, which is free and clear. It is agreed that the Wife will sign over her interest in this house and lot to the Husband contemporaneously with the signing of this agreement, and that the Husband will pay to the Wife the sum of $50,000.00, payable as follows:
. . .

(2) The parties presently own a 1976 Triumph TR-7 automobile which is titled in the Husband's name. It is agreed that this automobile will henceforth be the Husband's property, and the Wife hereby relinquishes any right to claim an interest in this automobile.

(3) The parties presently own a 1971 Oldsmobile Toronado automobile. It is agreed that this automobile will henceforth be the Wife's property, and the Husband hereby relinquishes any right to claim an interest in this automobile.

Dean v. Dean

On 20 May 1982, plaintiff husband filed an action for an absolute divorce wherein he asked the court to incorporate the separation agreement into the judgment of divorce. Thereafter, defendant wife filed a motion in the cause seeking equitable distribution. From the order dismissing her motion defendant appealed.

*Walker, Palmer & Miller, P.A., by James E. Walker and H. Irwin Coffield, for plaintiff, appellee.*

*Cannon & Basinger, P.A., by Thomas R. Cannon, for defendant, appellant.*

HEDRICK, Judge.

The parties herein have stipulated that:

(1) The Separation Agreement which is exhibit 1 to plaintiff's response to defendant's motion is valid, and its terms have not been breached by either party.

(2) Each party owns assets in his or her separate name, which were acquired during the course of the marriage, and were owned at the time of the execution of the Separation Agreement.

[and]

(3) At the time the agreement was signed, the parties fully intended it to be a complete property settlement agreement, and neither made claims against property owned individually by the other, as no equitable distribution claim existed in law at the time.

Since these facts are not in controversy, the only question before this Court is whether the separation agreement entered into by the parties on 11 August 1980 is an insurmountable bar to defendant's claim for equitable distribution.

Defendant contends that the separation agreement was not a "property settlement" agreement. She further contends that the agreement "was not bargained for at arms' length, in that [she] did not fully realize, nor was she fully apprised of, the extent of the marital assets."

---

**Dean v. Dean**

---

To support her first contention, defendant relies on *Smith v. Smith*, 72 N.J. 350, 371 A. 2d 1 (1977). The *Smith* court divided separation agreements into property settlement agreements or support agreements. *Id.* at 357, 371 A. 2d at 4. After making this distinction, the *Smith* court held that a separation agreement which qualifies as a property settlement and is fair and just bars equitable distribution. *Id.* at 358, 371 A. 2d at 5. Defendant argues that the agreement in the case at bar is a support agreement as defined by the *Smith* court since it contains provisions for support of defendant and for the division of jointly held property. We disagree.

A separation agreement is a contract and therefore its meaning and effect are "ordinarily determined by the same rules which govern the interpretation of contracts." *Lane v. Scarborough*, 284 N.C. 407, 409, 200 S.E. 2d 622, 624 (1973). The language of the agreement in the present case is clear and unambiguous. The parties agreed in Sec. VII to "forego and waive any and all rights which they may have to claim support or alimony from the other." The only inference to be drawn from this language is that the agreement in question was a property agreement and not a support agreement. Furthermore, the agreement states in pertinent part that:

> The parties agree that the $50,000.00 paid for the house, together with other properties divided between the parties, shall be considered as a settlement of their marital obligations to each other, and as a property settlement in full.

Indeed the defendant is bound by her stipulation that the agreement was "intended . . . to be a complete property settlement agreement."

We hold the trial judge correctly held that the separation agreement executed on 11 August 1980 by the parties is an insurmountable bar to defendant's claim for equitable distribution.

Affirmed.

Judges ARNOLD and PHILLIPS concur.