PATRICK H. McARTHUR, III v. ANN M. McARTHUR

No. 838DC506

(Filed 15 May 1984)

**Divorce and Alimony §§ 20.2, 21.9— separation agreement precluding equitable distribution**

A prior separation agreement fully disposed of the spouses' property rights arising out of the marriage, and the trial court properly granted summary judgment on defendant wife's counterclaim for equitable distribution of certain personal property. The absence of a recital that this is the "entire agreement" in the separation agreement constituted a matter of form, not substance, and the fact that the property contested was not specifically described in the agreement could not suffice to avoid the unmistakably clear general provisions of the separation agreement.

APPEAL by defendant from *Kenneth R. Ellis, Judge*. Judgment entered 24 January 1983 in District Court, WAYNE County. Heard in the Court of Appeals 16 March 1984.

*Philip A. Baddour, Jr. for plaintiff appellee.*

*Gulley and Barrow, by Jack P. Gulley, for defendant appellant.*

BECTON, Judge.

Defendant wife seeks reversal of an order granting summary judgment on her counterclaim for equitable distribution of certain personal property in an action for an absolute divorce. We hold that a prior separation agreement fully disposes of the spouses' property rights arising out of the marriage, and we therefore affirm.

## I

The parties entered into a separation agreement on 24 June 1980. The Equitable Distribution Act (the Act), N.C. Gen. Stat. § 50-20 (Supp. 1983), was thereafter enacted. The Act applies to all divorce actions instituted on or after 1 October 1981. Plaintiff husband filed an action for an absolute divorce on 29 September 1982. The wife counterclaimed, seeking equitable distribution of husband's partnership interests in certain businesses. Husband raised the separation agreement as a defense in his Reply. The divorce was granted; thereafter, husband also obtained summary judgment on the counterclaim solely on the basis of the verified pleadings, which included the separation agreement.

## II

The wife claims that the grant of summary judgment was error, since (1) the separation agreement does not specifically address the assets in question; (2) the agreement does not contain an "entire agreement" clause or other language indicating an intent to cover assets other than those specifically identified in the agreement; and (3) none of the waivers in the agreement apply.

## III

A separation agreement is a contract and, therefore, its meaning is ordinarily determined by the same rules used to interpret any other contract. *Lane v. Scarborough*, 284 N.C. 407, 200 S.E. 2d 622 (1973). When a separation agreement is in writing and free from ambiguity, its meaning and effect is a question of law for the court. *Id.* The agreement at issue provided for the distribution of certain specifically described real and personal property. It set certain cash payments as part of the property settlement, and separately made provision for defendant's support, medical, and other expenses. The agreement contained the following pertinent provisions relating to other property:

> *DIVISION OF PROPERTY. All other jointly owned personal properties of the parties has* [sic] *been amicably divided* between them. Each party agrees that the other party shall have said property *free and clear of all claim* [sic] which they may have against it.

> . . .

*MUTUAL RELEASE OF ALL PROPERTY CLAIMS.* Husband and wife grant, release, and forever quitclaim each to the other, all right, title, interest, claim and demand whatsoever in the real estate of which either is now seized or may hereafter become seized; and *each releases all rights he or she now has or may hereafter acquire in the personal estate of the other,* whether such rights arise under any statute of distribution or by virtue of any right of election or otherwise; and each waives any right of administration in the estate or any benefit under any existing will of the other or under any statute of succession, in the event of the death of the other. The provisions of this paragraph are subject to all rights and claims which either party may have against the other or against his or her estate under and pursuant to the terms of this agreement.

*WAIVERS OF CLAIMS AGAINST ESTATE.* Husband does hereby waive, release, discharge, quitclaim and renounce unto the wife and her heirs and assigns, and *wife does hereby waive, release, discharge, quitclaim and renounce* unto husband and his heirs and assigns:

(a) All other rights, claims, demands and obligations of every kind and character for past and future support and maintenance and for property settlement. [Emphasis added.]

These provisions are sufficiently clear that the trial court could properly render judgment as a matter of law. In the face of this language and the careful disposition of the other marital property, the absence of a recital that this is the "entire agreement" obviously constitutes a matter of form, not substance. The fact that the property contested here is not specifically described in the agreement also cannot suffice to avoid these unmistakably clear general provisions.

To rule otherwise would impermissibly open up to attack many separation agreements entered into before the effective date of the Act. It would also run counter to the established law of North Carolina, which has given effect to general language of the sort used here absent evidence of coercion or other unfairness. *Cone v. Cone,* 50 N.C. App. 343, 274 S.E. 2d 341, *disc. rev. denied,* 302 N.C. 629, 280 S.E. 2d 440 (1981); *Bost v. Bost,* 234

McArthur v. McArthur

N.C. 554, 67 S.E. 2d 745 (1951); *see also Lane v. Scarborough* (implying term from general release).

The enactment of the Act has no effect on this result. The Act did not purport to change the general validity of separation agreements or modify existing agreements. It provides:

> Before, during or after marriage the parties may by written agreement, duly executed and acknowledged in accordance with the provisions of G.S. 52-10 and 52-10.1, or by a written agreement valid in the jurisdiction where executed, provide for distribution of the marital property in a manner deemed by the parties to be equitable and the agreement shall be binding on the parties.

G.S. § 50-20(d) (Supp. 1983). The wife does not attack the validity of the agreement, nor does she allege any breach thereof.

The wife relies instead on several New Jersey and New York cases which distinguish between support and property settlement agreements, and which hold that an agreement dealing solely with support allows a subsequent action for an equitable distribution. *See, e.g., Smith v. Smith*, 72 N.J. 350, 371 A. 2d 1 (1977). The agreement in *Smith* resulted in the transfer of no substantial assets to the dependent spouse, however, and principally provided for regular support. It contained nothing purporting to be a property settlement, but had instead a recitation that it was in settlement of all claims for support and maintenance. The court found it to be a support agreement and nothing more and allowed the action. In view of the property division and waivers detailed above, the rule in *Smith* does not apply to this case.

We therefore conclude that the court properly granted summary judgment for plaintiff. No error of law appearing, the judgment is

Affirmed.

Judges WEBB and EAGLES concur.