JEAN WRIGHT BLOUNT v. MARVIN K. BLOUNT, JR.

No. 8426DC23

(Filed 28 December 1984)

**Divorce and Alimony § 21.9— equitable distribution precluded by separation agreement**

A 1976 separation agreement settled the property rights of the parties and barred plaintiff's claim for equitable distribution where the agreement contained language in which each party relinquished any interest in property owned by the other, notwithstanding the agreement did not enumerate in detail the property owned by defendant husband.

APPEALS by plaintiff and defendant from *Lanning, Judge.* Judgment entered 10 November 1983, District Court, MECKLENBURG County. Heard in the Court of Appeals 17 October 1984.

Plaintiff filed this action 19 November 1982 seeking equitable distribution of marital property pursuant to G.S. 50-20, subsequent to an action for divorce filed by defendant. Defendant answered asserting that plaintiff's application for equitable distribution was barred by the parties' 1962 ante-nuptial agreement and their 1976 separation agreement, and that the equitable distribution statute, G.S. 50-20, violates both North Carolina and United States Constitutions. Both plaintiff and defendant moved for summary judgment.

On 10 November 1983, after a hearing on the motions, the trial court entered an order and judgment providing that: (1) the 1962 ante-nuptial agreement was not a bar to equitable distribution and therefore plaintiff's motion for summary judgment on this issue was granted; (2) the 1976 separation agreement was a bar to equitable distribution and therefore defendant's motion for summary judgment as to that claim was granted and plaintiff's complaint for equitable distribution was dismissed with prejudice; and (3) G.S. 50-20 is not unconstitutional and plaintiff's motion for summary judgment on this issue was granted. From this order both plaintiff and defendant appealed.

*James, McElroy and Diehl, by William K. Diehl, Jr., and Katherine S. Holliday, for plaintiff.*

*Hunter, Wharton and Howell, by John V. Hunter, III, and Kennedy, Covington, Lobdell and Hickman, by Richard D. Stephens, for defendant.*

EAGLES, Judge.

At the outset we note that plaintiff's brief violates Rule 28(b)(5) of the Rules of Appellate Procedure by omitting reference to assignments of error and exceptions pertinent to the questions presented in the argument as required. Despite the procedural defects of plaintiff's brief, we choose to exercise our discretion under Rule 2, in order to consider the case on its merits.

The dispositive issue in this appeal is whether the trial court properly entered summary judgment in support of defendant's claim that the 1976 separation agreement settled all the property rights of the parties and was therefore a bar to equitable distribution. We hold that under the facts of this case the trial court was correct.

Plaintiff does not challenge the validity of the 1976 separation agreement but claims that the agreement was a support agreement and was never intended to settle all the property rights which arose out of the marriage. In support of her argument plaintiff points out that even though defendant held assets valued in excess of a million dollars, the only property mentioned in the agreement was the tenancy by the entirety homeplace, the home furnishings and plaintiff's car. Defendant counters that the

validity of the separation agreement is not in dispute and even though specific items of property were not enumerated, the agreement contained language providing for a mutual relinquishment of all rights in property acquired through the marriage. Defendant asserts that because the 1976 separation agreement settled all property rights which grew out of the marriage, no marital property remained to be equitably distributed at the time of the divorce.

G.S. 52-10 allows husband and wife to enter a separation agreement which "release[s] and quitclaim[s]" any property rights acquired by marriage, and that a release will bar any later claim on the released property. Such a valid separation agreement is an enforceable contract between husband and wife. *Sedberry v. Johnson*, 62 N.C. App. 425, 302 S.E. 2d 924, *rev. denied*, 309 N.C. 322, 307 S.E. 2d 167 (1983). The same rules which govern the interpretation of contracts generally apply to separation agreements. *Lane v. Scarborough*, 284 N.C. 407, 200 S.E. 2d 622 (1973). Where the terms of a separation agreement are plain and explicit, the court will determine the legal effect and enforce it as written by the parties. *Church v. Hancock*, 261 N.C. 764, 136 S.E. 2d 81 (1964). *Goodyear v. Goodyear*, 257 N.C. 374, 126 S.E. 2d 113 (1962). When a prior separation agreement fully disposes of the spouses' property rights arising out of the marriage, it acts as a bar to equitable distribution. *Dean v. Dean*, 68 N.C. App. 290, 314 S.E. 2d 305 (1984); *McArthur v. McArthur*, 68 N.C. App. 484, 315 S.E. 2d 344 (1984).

When we apply these principles to the facts of the present case, we conclude that plaintiff relinquished all her property rights which arose out of the marriage. Accordingly, at the time of divorce in 1983 no marital property remained for equitable distribution. The language of the separation agreement is plain and unambiguous.

> The wife . . . hereby releases and relinquishes unto the husband . . . any and all property or interest in property real, personal, and mixed, now owned or hereafter acquired by husband . . . just the same as if she had never been married to him . . . .

The defendant similarly relinquished all his rights in any property owned by plaintiff. While the contract did not enumer-

ate in detail the property of the defendant, we have held that the fact that specific property owned by either party was not described in the agreement cannot serve, without more, to avoid the unmistakably clear general provisions of the contract. *McArthur v. McArthur*, 68 N.C. App. 484, 315 S.E. 2d 344 (1984).

Plaintiff made no claim that the separation agreement was void as against public policy, or that her consent to the agreement was the product of overreaching or coercion. Rather plaintiff has conceded that the agreement was valid and enforceable but maintained that she never intended it to be a final settlement of all property rights. The clear and unambiguous terms of the agreement prevent that interpretation. The court cannot fabricate issues of fairness not raised by the parties. *See* Sharp, Divorce and the Third Party: Spousal Support, Private Agreements and the State, 59 N.C.L. Rev. 819 (1981).

In defendant's appeal he asserts that the trial court improperly granted summary judgment to the plaintiff on the issue of whether the ante-nuptial agreement entered by the parties prior to their 1962 marriage was a bar to equitable distribution. While a careful reading of the ante-nuptial agreement makes it clear that not all the marital property rights of the parties were disposed of in that agreement and that the trial court was correct that it could not act as a bar to later equitable distribution, our holding as to the effect of the 1976 separation agreement on equitable distribution disposes of the controversy.

Defendant also claims that G.S. 50-20, dealing with equitable distribution, violates the North Carolina and United States Constitutions. Because the matter has been determined by our resolution of the 1976 separation agreement issue, we do not reach the constitutional challenge. It is well established that we need not pass upon constitutional questions if another issue is determinative of the matter before us. *Williams v. Williams*, 299 N.C. 174, 261 S.E. 2d 849 (1980).

We hold that summary judgment was properly entered and the trial court is affirmed.

Affirmed.

Judges WEBB and BRASWELL concur.