JAMES C. ROCKWELL v. LORETTA ROCKWELL

No. 858DC90

(Filed 15 October 1985)

**Army and Navy § 1; Husband and Wife § 11.2— separation agreement—designation of former wife as beneficiary of military retirement benefits—retroactivity of federal statute**

   Plaintiff husband has a present obligation to designate his former wife as beneficiary under his military retirement annuity plan pursuant to his agreement to do so in a separation agreement and a consent order, even though at the time the separation agreement and consent order were signed, federal statutes prohibited the designation of a former spouse as beneficiary of military retirement benefits, since an amendment to the federal statutes permitting designation of a former spouse as a beneficiary was intended to apply retroactively to existing contracts.

   APPEAL by defendant from *Jones (Arnold O.), Judge.* Order entered 27 September 1984 in District Court, WAYNE County. Heard in the Court of Appeals 30 August 1985.

   The parties herein were married on 8 November 1947. In April 1963, plaintiff retired as a major from the United States Air Force with a survivor's benefit plan in full force. After their separation on 4 November 1974, defendant filed an alimony action against plaintiff. As consideration for defendant's dismissal of her alimony claim against him, plaintiff agreed in a separation agreement executed on 5 February 1976 to "convey unto the said Loretta Rockwell the permanent right to receive the said survivors benefit annuity, notwithstanding the fact that a divorce may hereafter be granted between the parties to this agreement."

   On 27 September 1976 plaintiff filed for an absolute divorce. By consent order dated 6 August 1977, the parties agreed "[t]hat the plaintiff can proceed to obtain an uncontested divorce" and clarified the paragraph in their separation agreement concerning the annuity plan as follows:

   (a) That James C. Rockwell would do all that he could by way of affirmative action in order to keep these benefits and entitlements available to Loretta Rockwell, and that he would refrain from doing anything which would take them away from her.

Rockwell v. Rockwell

(b) That if Loretta Rockwell should lose these benefits and entitlements as a result of James Rockwell doing anything which took away these rights, or failed to do anything which would assure her of these rights, then and in that event, a damage claim in behalf of Loretta Rockwell against the estate of James C. Rockwell would automatically arise. . . .

On the same day that this consent order was signed, plaintiff obtained a judgment of absolute divorce. In December 1978, plaintiff remarried and subsequently designated his new wife as beneficiary of his survivor's benefit annuity plan.

At the time the separation agreement and subsequent consent order were signed, the applicable federal statute prohibited designation of a former spouse as beneficiary of military retirement benefits. However, the federal statutes were amended in 1982, effective 1 February 1983, to permit designation of a former spouse as beneficiary of military retirement benefits. After amendment of the statute, defendant demanded that plaintiff designate her as beneficiary. Plaintiff refused, and defendant filed a complaint on 27 June 1984 in an independent action seeking specific performance of their separation agreement. In his answer, defendant moved to dismiss the action "in that an order has already been entered between the same parties . . . for the same claim alleged in the Complaint herein." The trial court dismissed plaintiff's complaint "since there was a prior Consent Order . . . as to these matters . . . involving the same claims alleged herein." Defendant did not appeal this dismissal.

On 14 August 1984, defendant filed a motion in the cause in the divorce action requesting "[t]hat plaintiff be ordered to specifically perform . . . by . . . designating defendant as beneficiary of his survivors benefits." From an order denying this motion, defendant appealed.

*Langston, Langston and Duncan by Farris A. Duncan for plaintiff appellee.*

*Reid, Lewis and Deese by Reeny W. Deese for defendant appellant.*

PARKER, Judge.

In her first assignment of error, defendant contends the court erred in finding as fact that plaintiff had no obligation to presently designate defendant as beneficiary under the annuity plan. This more closely resembles a conclusion of law. A finding which is designated as a finding of fact, but in character is essentially a conclusion of law, will be treated as a conclusion of law on appeal, *Britt v. Britt*, 49 N.C. App. 463, 271 S.E. 2d 921 (1980), and is reviewable *de novo* upon appeal. *Humphries v. City of Jacksonville*, 300 N.C. 186, 265 S.E. 2d 189 (1980).

The parties' contentions on this appeal may be summarized as follows. When plaintiff agreed in the separation agreement permanently to convey his annuity plan to defendant notwithstanding a subsequent divorce, and further agreed to clarify this requirement in the consent order, he did so knowing that the federal law at that time prohibited him from naming defendant as beneficiary after a divorce was obtained. Defendant's contention is that although she may have known that the applicable federal statute would prohibit such a designation, she nevertheless believed that plaintiff could validly contract to continue to designate her as beneficiary despite the federal statute.

The applicable federal statutes as amended clearly provide that plan members can voluntarily elect to designate a former spouse as beneficiary. 10 U.S.C. 1448(b)(3)(A) provides:

A person—

(i) who is a participant in the Plan and is providing coverage for a spouse or a spouse and child (even though there is no beneficiary currently eligible for such coverage), and

(ii) who has a former spouse who was not that person's former spouse when he became eligible to participate in the Plan.

may (subject to subparagraph (b) ) elect to provide an annuity to that former spouse. Any such election terminates any previous coverage under the Plan and must be written, signed by the person, and received by the Secretary concerned within one year after the date of the decree of divorce, dissolution, or annulment.

The amended statute further states:

> Nothing in this chapter authorizes any court to order any person to elect under Section 1448(b) of this title to provide an annuity to a former spouse unless such person has voluntarily agreed in writing to make such election. 10 U.S.C. 1450(f)(4).

Plaintiff husband argues that because the provisions in the separation agreement and consent decree relative to retirement benefits were prohibited by statute at the time these documents were executed, they cannot be validated by amendment to the statute. We disagree.

While the general rule is that the law at the time of the making of the contract governs and a bargain illegal on account of a statute existing at the time is not rendered enforceable by subsequent repeal of the statute, a contrary result obtains when the repealing statute expressly provides for retroactive application to existing contracts, or if the court finds an implication to that effect. 6A Corbin, *Corbin on Contracts*, § 1532 (1962).

In our view, the clear implication of the amendments to Title X of the United States Code was to correct manifest injustice and unfairness in situations such as the one at bar. The short title for these 1982 amendments to Title X is Uniform Services Former Spouses' Protection Act. To adopt plaintiff's contention would eviscerate the language of the amendments. If Congress did not intend that the amendments would apply to contractual agreements entered into prior to the effective date of the statute, there would have been no need for Public Law 98-94 Section 941(1) which provided that the one year period from date of the decree of divorce, dissolution or annulment for electing, in 10 U.S.C. 1448(6)(3)(A), would begin to run on the date of the enactment of the Act, 24 September 1983, with respect to a person defined in that subsection. The reference to a spouse and dependent children vis-a-vis a former spouse obviously contemplates an existing marriage with the marriage to the former spouse having been dissolved prior to enactment of the amendments. Moreover, there is no language defining a former spouse as someone who becomes a former spouse subsequent to the effective date of the amendments.

---

Rockwell v. Rockwell

---

Having concluded that the statutory impediment to enforceability no longer exists, we must determine whether the separation agreement and consent decree are otherwise enforceable. The answer to this question is "yes." The separation agreement and consent decree represent a contract between the parties. *Cox v. Cox*, 43 N.C. App. 518, 259 S.E. 2d 400 (1979), *disc. rev. denied*, 299 N.C. 329 (1980). When the language of a contract is clear and unambiguous, the express language of the contract controls, not what either party thought the agreement to be. *Nash v. Yount*, 35 N.C. App. 661, 242 S.E. 2d 398, *cert. denied*, 295 N.C. 91, 244 S.E. 2d 259 (1978). Further, "a party to a contract may not, by asserting that he did not mean what he said, obtain an interpretation contrary to the express language of the contract." *Synder v. Freeman*, 300 N.C. 204, 215, 266 S.E. 2d 593, 600 (1980). The fact that plaintiff signed the documents thinking that the retirement benefit provisions were a legal sham and that he would never have to perform cannot now be used to contradict the intention expressed by the language in the documents he signed.

In view of the foregoing, we hold that under applicable North Carolina law, the separation agreement and consent decree constitute a voluntary agreement in writing to make the election.

Because we hold that the court erroneously concluded that plaintiff had no obligation to presently designate defendant as beneficiary under the survivor's benefits plan, we need not address the remaining assignments of error. The order appealed from is reversed and the case remanded for entry of an order consistent with this opinion.

Judges JOHNSON and EAGLES concur.