PERLA M. MORRIS v. JOSEPH P. MORRIS

No. 8513DC495

(Filed 18 February 1986)

**Husband and Wife § 11.2; Divorce and Alimony § 30— separation agreement—
waiver provisions—military pension—no equitable distribution—effect of
amendment to statute**

The release or waiver provisions of the parties' 2 August 1982 separation
agreement barred plaintiff wife from an equitable distribution of defendant
husband's military pension, and amendment of the Equitable Distribution Act
to include military pensions as marital property did not apply to permit plain-
tiff recovery, since the amendment became effective 1 August 1983 and was
prospective only in its application.

APPEAL by plaintiff from *Greer, Judge.* Order entered 25
March 1985, *nunc pro tunc* 7 March 1985, in District Court, Co-
LUMBUS County. Heard in the Court of Appeals 1 November 1985.

*Rose, Rand, Ray, Winfrey & Gregory, P.A., by Randy S.
Gregory, for plaintiff appellant.*

*Macrae, Perry, Pechmann, Boose & Williford, by Michael C.
Boose, for defendant appellee.*

WHICHARD, Judge.

Plaintiff-wife and defendant-husband entered a separation
agreement on 2 August 1982. The agreement contains no refer-
ence to defendant-husband's military pension. It specifically pro-
vides that each party is forever barred from any or all rights or
claims not therein reserved which arise out of the marital relation
and that each releases and relinquishes all claims or interest in
and to all property of the other, whether then owned or subse-
quently acquired.[1]

---

1. The release or waiver provisions are as follows:

3. *General Property Rights and Release*: Both parties hereto mutually agree
that each may freely sell or otherwise dispose of his or her own property by deed,
gift, or will without the assent of the other and each party may encumber his or
her own property in the like manner and each party is hereby barred forever from
any or all rights or claims by way of dower, curtesy, descent, distribution and in-
heritance, widow's year's allowance, the right to administer upon the estate of the
other, and all other rights or claims not herein reserved which arise out of the mar-

Morris v. Morris

Plaintiff-wife now seeks an award of a portion of defendant-husband's military pension pursuant to N.C. Gen. Stat. 50-20, the Equitable Distribution Act. The trial court granted defendant-husband's motion for summary judgment. We affirm.

At the time the agreement was entered the Equitable Distribution Act provided that "[v]ested pension or retirement rights and the expectation of nonvested pension or retirement rights shall be considered separate property." N.C. Gen. Stat. 50-20(b)(2) (Supp. 1981). This provision conformed to the United States Supreme Court's holding that military pensions were personal entitlements rather than property interests and were therefore not includable in a marital estate for purposes of equitable distribution. *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed. 2d 589 (1981). Congress expressly overruled *McCarty*, however, by enacting the Uniform Services Former Spouses' Protection Act (USFSPA), 10 U.S.C. Sec. 1408, which provides that military pensions may be included in the marital estate for purposes of equitable distribution from 26 June 1981 in accordance with the law of each state. 10 U.S.C. Sec. 1408(c)(1). Accordingly, our General Assembly amended N.C. Gen. Stat. 50-20 to provide specifically that "[m]arital property includes all vested pension and retirement rights, including military pensions eligible under the federal [USFSPA]." N.C. Gen. Stat. 50-20(b)(1).

The issue here is whether the release or waiver provisions of the 2 August 1982 separation agreement bar plaintiff-wife from an equitable distribution of defendant-husband's pension. Plaintiff-wife does not challenge the validity of the agreement but claims that the release or waiver provisions do not apply because her right to equitable distribution of the pension accrued upon enactment of the USFSPA after the signing of the agreement.

---

riage relation and each party hereby releases and relinquishes to the other and to the heirs, executors, administrators and assigns thereof all claims or interest in and to all real or personal property of the other whether now owned or hereafter acquired and all other rights or interest of whatsoever nature not herein reserved which arise out of the marriage relation between them. . . .

4. *Division of Personal Property*: The parties hereto agree that as of the effective date of this Agreement, they have divided their personal property to their satisfaction, except for that property, if any, described in Schedule A attached hereto and incorporated herein by reference. That property, if any, described in Schedule A may be retained by Mr. Morris until such time as Mrs. Morris, in her discretion, shall decide to take possession of said property.

In *McArthur v. McArthur*, 68 N.C. App. 484, 315 S.E. 2d 344 (1984), defendant-wife sought equitable distribution of plaintiff-husband's partnership interests in certain businesses. The parties had entered a valid separation agreement prior to enactment of the Equitable Distribution Act. Plaintiff-husband raised the agreement as a defense. The trial court granted summary judgment in his favor, and this Court affirmed. This Court held specifically that the waiver provisions in the agreement precluded defendant-wife from seeking an equitable distribution. It reasoned:

> To rule otherwise would impermissibly open up to attack many separation agreements entered into before the effective date of the Act. It would also run counter to the established law of North Carolina, which has given effect to general language of the sort used here absent evidence of coercion or other unfairness. [Citations omitted.]

> The enactment of the Act has no effect on this result. The Act did not purport to change the general validity of separation agreements or modify existing agreements. [Citations omitted.]

*McArthur*, 68 N.C. App. at 486-87, 315 S.E. 2d at 345-46.

Subsequently, this Court stated:

> G.S. 52-10 allows husband and wife to enter a separation agreement which "release[s] and quitclaim[s]" any property rights acquired by marriage, and that a release will bar any later claim on the released property. Such a valid separation agreement is an enforceable contract between husband and wife. . . . The same rules which govern the interpretation of contracts generally apply to separation agreements. . . . Where the terms of a separation agreement are plain and explicit, the court will determine the legal effect and enforce it as written by the parties. . . . When a prior separation agreement fully disposes of the spouses' property rights arising out of the marriage, it acts as a bar to equitable distribution. [Citations omitted.]

*Blount v. Blount*, 72 N.C. App. 193, 195, 323 S.E. 2d 738, 740 (1984), *disc. rev. denied*, 313 N.C. 506, 329 S.E. 2d 389 (1985).

The reasoning of *McArthur* indicates that an amendment to the Act should not affect an agreement entered prior to the effec-

tive date of the amendment. Specifically, plaintiff-wife here waived her right to any interest in defendant-husband's military pension in the agreement, just as defendant-wife in *McArthur* waived any right to plaintiff-husband's partnership interests there by similar language in that agreement. The subsequent amendment of the Act to include military pensions as marital property should not permit plaintiff-wife to avoid the release provisions of the agreement, just as the original passage of the Act did not allow defendant-wife to disturb the agreement in *McArthur*.

Plaintiff-wife contends, however, that *McArthur* does not control. *McArthur* involved the disposition and release or waiver of property rights that were expressly existing or reasonably foreseeable at the time the agreement was entered. Here, by contrast, plaintiff-wife argues that by virtue of the retroactive application of 10 U.S.C. Sec. 1408 she had a right to defendant-husband's pension at the time she entered the agreement, but this right was not known to her until the subsequent passage of the USFSPA. Thus, she argues, she did not waive her right to this pension for there was no " 'intentional relinquishment of a known right.' " *Jones v. Insurance Co.*, 254 N.C. 407, 412, 119 S.E. 2d 215, 219 (1961).

"Although the [USFSPA] became effective 1 February 1983, . . . it is clear that the federal act is to be applied retroactively to 26 June 1981, 10 U.S.C. Sec. 1408(c)(1) . . . ." *Faught v. Faught*, 67 N.C. App. 37, 47-48, 312 S.E. 2d 504, 510, *disc. rev. denied*, 311 N.C. 304, 317 S.E. 2d 680 (1984). *Cf. Gardner v. Gardner*, 63 N.C. App. 678, 681, n. 1, 306 S.E. 2d 496, 498, n. 1 (1983). Accordingly, the Court in *Faught* affirmed the trial court's order, pursuant to an alimony award, assigning the income from defendant-husband's military pension to plaintiff-wife, where the trial court issued the order prior to 1 February 1983, the effective date of the USFSPA, but after 26 June 1981, the date of retroactive application.

Retroactive application of the USFSPA has enabled courts in several jurisdictions to modify decrees filed after *McCarty* but before enactment of the USFSPA, and thereby to fulfill the clear Congressional intent to eliminate all effects of *McCarty. See, e.g., In re MacDonald*, 104 Wash. 2d 745, 747-49, 709 P. 2d 1196, 1198-

99 (1985). In *Castiglioni v. Castiglioni*, 192 N.J. Super. 594, 597-98, 471 A. 2d 809, 811 (1984), the court held that the USFSPA applied retroactively to a divorce decree filed between *McCarty* and enactment of the USFSPA and that, under these circumstances, a release clause in the parties' negotiated settlement did not bar equitable distribution of plaintiff-husband's military pension. *Castiglioni*, 192 N.J. Super. at 597-99, 471 A. 2d at 810-11. The court reasoned that "the release provision in the parties' settlement agreement does not encompass the defendant wife's right to an interest in the plaintiff's military pension if the pension was not considered in reaching the terms of their agreement." *Id.* at 598-99, 471 A. 2d at 811.

In *Rockwell v. Rockwell*, 77 N.C. App. 381, 335 S.E. 2d 200 (1985), defendant-wife sought specific performance of the parties' separation agreement which provided that plaintiff-husband would designate her as the beneficiary of his military pension. At the time the agreement was entered applicable federal law prohibited such designation of a former spouse. Plaintiff-husband thus contended that because this provision was prohibited by law when the agreement was entered, it could not be validated by subsequent enactment of the USFSPA which permitted such designation. The Court stated:

> While the general rule is that the law at the time of the making of the contract governs and a bargain illegal on account of a statute existing at the time is not rendered enforceable by subsequent repeal of the statute, a contrary result obtains when the repealing statute expressly provides for retroactive application to existing contracts, or if the court finds an implication to that effect. 6A Corbin, *Corbin on Contracts*, Sec. 1532 (1962).

> In our view, the clear implication of the [USFSPA] was to correct manifest injustice and unfairness in situations such as the one at bar. . . . To adopt plaintiff's contention would eviscerate the language of the amendments. If Congress did not intend that the amendments would apply to contractual agreements entered into prior to the effective date of the statute, there would have been no need for Public Law 98-94 Section 94(1) which provided that the one year period from date of the decree of divorce, dissolution or annulment for

electing, in 10 U.S.C. 1448(b)(3)(A), would begin to run on the date of the enactment of the Act, 24 September 1983, with respect to a person defined in that subsection.

77 N.C. App. at 384, 335 S.E. 2d at 202-03.

While *Faught, Castiglioni,* and *Rockwell* tend to support plaintiff-wife's position, they do not control. Plaintiff-wife would have us hold that retroactive application of the USFSPA, and the clear Congressional intent to remove the harsh effects of *McCarty* by such retroactive application, permit her to obtain an equitable distribution of defendant-husband's military pension despite a valid separation agreement with general release or waiver provisions similar to those in *McArthur.* For reasons that follow, we decline to do so.

Plaintiff-wife brought this action under the Equitable Distribution Act, N.C. Gen. Stat. 50-20. The provisions of that act therefore must govern. In amending N.C. Gen. Stat. 50-20(b)(1) to include military pensions as marital property, the legislature could have provided that this amendment, like the federal USFSPA, would apply retroactively. *See Hospital v. Guilford County,* 221 N.C. 308, 311, 20 S.E. 2d 332, 334 (1942). It chose not to do so. It provided instead that the amendment would become effective 1 August 1983. 1983 N.C. Sess. Laws, chs. 758 and 811. *See Morton v. Morton,* 76 N.C. App. 295, 297, 332 S.E. 2d 736, 737-38 (1985). Hence, the amendment is presumed to apply prospectively only. *See Housing Authority v. Thorpe,* 271 N.C. 468, 470-71, 157 S.E. 2d 147, 150 (1967), *rev'd on other grounds,* 393 U.S. 268, 89 S.Ct. 518, 21 L.Ed. 2d 474 (1960). *"If it is doubtful whether the . . . amendment was intended to operate retrospectively, the doubt should be resolved against 'such operation."* *Smith v. Mercer,* 276 N.C. 329, 337, 172 S.E. 2d 489, 494 (1970), quoting 50 Am. Jur. Statutes Sec. 478.

The General Assembly almost certainly was fully cognizant of the express retroactivity of the federal USFSPA when it declined to give retroactive effect to the amendment to N.C. Gen. Stat. 50-20(b)(1). The conscious legislative intent thus would appear to be that the amendment apply prospectively only, and that disturbance of equitable distribution awards entered prior to the effective date of the amendment (1 August 1983) not be allowed. In light of this expression of state policy by the General Assem-

bly, we decline to create an exception to the rule of *McArthur* to allow disturbance of a valid separation agreement entered prior to the effective date of the amendment to N.C. Gen. Stat. 50-20 (b)(1). We thus hold that the agreement here bars an award to plaintiff-wife under the Equitable Distribution Act of a share in defendant-husband's military pension. Accordingly, there is no genuine issue as to any material fact and defendant-husband is entitled to a judgment in his favor as a matter of law. N.C. Gen. Stat. 1A-1, Rule 56(c); *Lowe v. Bradford*, 305 N.C. 366, 368-70, 289 S.E. 2d 363, 365-67 (1982). The grant of summary judgment in favor of defendant-husband thus was proper.

Affirmed.

Chief Judge HEDRICK and Judge JOHNSON concur.