T.C. Memo. 2001-125


UNITED STATES TAX COURT


DORIS NEILL MOZLEY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 4865-00.              Filed May 30, 2001.


Doris Neill Mozley, pro se.

<u>Timothy B. Heavner</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


JACOBS, <u>Judge</u>: Respondent determined deficiencies in petitioner's Federal income taxes of $964 for 1995 and $3,442 for 1996.

The issue for decision is whether petitioner's receipt of a portion of military retirement pay to which petitioner's former husband otherwise was entitled constitutes receipt of taxable: (1)

Alimony pursuant to sections 61(a)(8) and 71; or, in the alternative, (2) pension income pursuant to section 61(a)(11).

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue.

FINDINGS OF FACT

Some of the facts have been stipulated and are found accordingly. The stipulation of facts and the attached exhibits are incorporated herein by this reference.

Background

Petitioner resided in Richmond, Virginia, at the time she filed her petition. She timely filed Federal income tax returns for 1995 and 1996.

On June 15, 1952, petitioner married Paul David Mozley. Mr. Mozley served in the U.S. Navy Medical Corps for 20 years and retired in 1975. Upon his retirement, Mr. Mozley began receiving military retirement payments.

The Agreement

In April 1983, petitioner and Mr. Mozley divorced. They reached an agreement (the agreement) concerning the division of their property as well as the amount of alimony petitioner was to receive. Pursuant to the agreement, petitioner was to receive one-half of Mr. Mozley's disposable military retirement pay until her

death, regardless of her marital status.  Both petitioner and Mr. Mozley were represented by counsel during the course of their divorce proceedings.

The District Court of Pitt County, North Carolina (the district court), adopted the agreement as part of its April 19, 1983, Judgment and Order (the April 1983 Judgment).  The portions of the April 1983 Judgment, as relevant to the issue before us, provide as follows:

> 8.  In full and final settlement of all claims existing between the parties, and in particular, in full and final settlement of any claims that the plaintiff [petitioner] may have against the defendant [Mr. Mozley] for alimony pendente lite, alimony, and attorney's fees, and as a full and final property and marital settlement resolving all issues between the parties including equitable distribution of marital property, the parties do hereby stipulate, agree, contract, and pray that the court order and enter as its mandate, the following:

> *       *       *       *       *       *       *

> (i)  The defendant shall pay to the plaintiff as alimony a sum equal to 22 percent of his salary that he actually receives other than the retired/retainer pay that he receives by virtue of his retirement from the United States Navy. * * *

> *       *       *       *       *       *       *

> (l)  * * * As additional alimony, the plaintiff shall receive a portion of the defendant's retired/retainer pay that he receives by virtue of his previous military service.  * * *  The remaining pay * * * shall be divided equally between the parties. The portion of this pay allotted to the plaintiff * * * shall

be considered as alimony by the plaintiff and included by her in her taxable income. * * * [These payments] shall continue on the 10th day of each month thereafter until the death of the plaintiff regardless of her marital status * * *

 *      *      *      *      *      *      *

(n)  All payments required to be made by the defendant to the plaintiff are intended to be payments of alimony and said payments of alimony shall be deductible by the defendant and taxable to the plaintiff on their federal and state income tax returns.  The plaintiff shall declare said payments received as alimony and income to her on her tax returns.

(o)  This agreement has been negotiated and executed on the assumption that the payments made by the defendant to the plaintiff or made on his behalf will be deductible by the defendant and taxable to the plaintiff.  If, as a result of a final and binding judicial determination, or because of the subsequent change in the governing law or its authorizative [sic] interpretation, it is established that any or all of said payments will no longer be taxable to the plaintiff or deductible to the defendant, the provisions regarding alimony shall be subject to renegotiation.  If the defendant and the plaintiff are unable to arrive at a mutually satisfactory readjustment of these provisions to take account of the changed tax impact, then the matter shall be submitted to a court for final and binding determination. Such renegotiatibility [sic] shall in no event effect [sic] the validity of the remaining provisions of this consent order and property settlement.

In August 1996, petitioner and Mr. Mozley amended the agreement (the amended agreement), and the district court entered a Memorandum of Order, incorporating the amended agreement.  In relevant part, this order stated:

10.(b)   [The payment to petitioner of half of her former spouse's military retirement pay should continue as agreed] except that the plaintiff shall receive the payment directly from the Navy in the

> manner presently being paid by the Navy and the parties agree that this arrangement shall continue without protest by the parties regarding the method used by the Navy to compute the amount paid to the plaintiff, subject to the 15% limitation for disability portion of the Navy retirement.

From August 1983 through the date of trial (January 8, 2001), petitioner received a portion of Mr. Mozley's military retirement pay from the Navy Finance Center in Cleveland, Ohio.

During the years in issue, petitioner received a total of $14,588 for 1995 and $13,880 for 1996, as her share of Mr. Mozley's military retirement pay.

Petitioner's Returns

Petitioner reported her share of Mr. Mozley's military retirement pay as income on her Federal income tax returns for 1983 through 1990; she did not do so for 1991 through 1999.

Notice of Deficiency

In the notice of deficiency, respondent determined that the military retirement payments petitioner received in 1995 and 1996 constituted taxable alimony to her.

OPINION

We first decide whether the military retirement payments petitioner received during the years in issue constituted taxable alimony, as respondent contends, or a nontaxable division of property, as petitioner maintains.

Gross income includes amounts received as alimony or separate

maintenance payments.  See secs. 61(a)(8), 71(a).  At the time of petitioner's divorce in 1983, section 71 provided:

> If a wife is divorced or legally separated from her husband under a decree of divorce * * *, the wife's gross income includes periodic payments * * * received after such decree in discharge of * * * a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation.

Section 71 was amended by the Deficit Reduction Act of 1984 (DEFRA 1984), Pub. L. 98-369, sec. 422(a), 98 Stat. 494, 795. However, DEFRA 1984 is applicable only to divorce instruments executed after December 31, 1984, or modified after December 31, 1984, where the modified instrument states that the amended version of section 71 will apply.  See DEFRA 1984, supra at 798.  Here, the agreement was entered in April 1983 and the modified agreement was entered in August 1996.  The amended agreement neither modified the description or terms (i.e., the amount and frequency) of the alimony payments nor expressly provided that amended section 71 was applicable.  Thus, we apply former section 71 to determine whether the military retirement payments petitioner received constitute alimony.

Pursuant to former section 71, only payments in the nature of maintenance or support (as opposed to a transfer of property between spouses) are treated as alimony for Federal income tax purposes. See, e.g., Hoover v. Commissioner, 102 F.3d 842, 844-845 (6th Cir.

1996), affg. T.C. Memo. 1995-183. In determining whether payments constitute alimony or a division of property, we are not bound by the labels assigned to the payments by the parties in their agreement. See Hesse v. Commissioner, 60 T.C. 685, 691 (1973), affd. without published opinion 511 F.2d 1393 (3d Cir. 1975). On the other hand, in deciding the character of an award in a divorce or separation decree, we give great weight to the language and structure of the decree. See, e.g., Griffith v. Commissioner, 749 F.2d 11, 13 (6th Cir. 1984), affg. T.C. Memo. 1983-278. Whether payments represent support or a property settlement is a question of the parties' intent. See Hoover v. Commissioner, supra at 845. We ascertain this intent not only from the underlying agreement but from the particular facts and circumstances involved. See, e.g., Boucher v. Commissioner, 710 F.2d 507, 509 (9th Cir. 1983), affg. T.C. Memo. 1981-258.

This Court has frequently looked to State law in considering whether payments between spouses constitute alimony or a property settlement. See Yoakum v. Commissioner, 82 T.C. 128, 140 (1984). Here, the applicable State law is that of North Carolina, and we therefore look to the law of that State. Under North Carolina law (as existing at the time of petitioner's divorce), military retirement pay was the separate property of the spouse who had served in the military (here, Mr. Mozley) and was not subject to

division or distribution by a court.[1]  See N.C. Gen. Stat. secs. 50-20(b)(2), 50-20(a) (1981).  Thus, as applicable to the instant situation, even though the district court lacked authority to order a division of Mr. Mozley's military retirement pay, Mr. Mozley had the ability to divide his retirement payments with petitioner; and in fact, he agreed to do so pursuant to paragraph 8(l) of the agreement.

On the basis of the clear and unambiguous language of the agreement and amended agreement, we conclude that the payments to petitioner should be characterized as alimony.  We reach this conclusion based on the following. First, the agreement characterizes the payments in question as "alimony" and contains other provisions that specifically relate to the division of the parties' property.[2]  Second, the agreement specifically provides that the payments in question are "intended to be payments of alimony".  Third, the agreement specifically states that the

---

[1]    After the entry of petitioner's divorce, North Carolina amended its law, effective Aug. 1, 1983, to treat military retirement pension as marital property, thus subjecting military retirement to a Court's equitable distribution authority. See N.C. Gen. Stat. sec. 50-20 (1999); Morris v. Morris, 339 S.E.2d 424 (N.C. Ct. App. 1986).

[2]    We are mindful that par. 8(l), which refers to the payment of one-half of Mr. Mozley's military retirement payments as "additional alimony" to petitioner, closely followed par. 8(i), which discusses "alimony".  Reading these paragraphs in tandem supports our conclusion that the payments at issue constitute alimony.

payments are to be taxable to petitioner and deductible by Mr. Mozley. Fourth, the agreement states that if the intended tax consequences of the payments (i.e., taxable to petitioner; deductible by Mr. Mozley) were judicially altered, the amount to be paid to petitioner would become subject to renegotiation.

The language of the agreement is unambiguous; it contains express direction that the military retirement payments petitioner is to receive constitute alimony. These payments were (1) periodic; (2) received after a decree in discharge of a legal obligation; and (3) because of the marital or family relationship, imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation. See Brodersen v. Commissioner, 57 T.C. 412, 415-416 (1971).

Both petitioner and Mr. Mozley were represented by counsel. There is nothing in the record to indicate that the agreement was negotiated other than at arm's length. We therefore assume that the parties considered their respective tax obligations.

To conclude, considering all of the facts and circumstances herein, we hold that the military retirement payments petitioner received during the years in issue were in the nature of alimony and thus constitute taxable income to her.

In light of this holding, we need not address the issue of whether the retirement payments constitute pension income.

We have considered all arguments raised by petitioner and find them to be without merit.  Moreover, we have reviewed all cases cited by petitioner and find them either distinguishable or in accord with the conclusion reached herein.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.